IN RE DISQUALIFICATION OF RUBEN.

IN RE HOLLAND ET AL.

[Cite as *In re Disqualification of Ruben* (1995), 77 Ohio St.3d 1232.]

(No. 95–AP–109—Decided September 14, 1995.)

MOYER, C.J. This affidavit of disqualification was filed by A. Steven Dever, Cuyahoga County Assistant Prosecuting Attorney, seeking the disqualification of Judge Betty Willis Ruben from further proceedings in the above-captioned cases.

The underlying actions involve four juveniles who are alleged to be delinquent. The state has filed a motion in each case seeking to have the juveniles transferred for prosecution as adults. Affiant contends that Judge Ruben should be disqualified from these cases because she holds a predisposition against the transfer of certain juveniles for prosecution as adults. In support of this contention, affiant cites the transcript of a July 5, 1995 hearing involving another alleged delinquent in which Judge Ruben expressed a reluctance to grant transfer motions unless the alleged delinquent previously had been committed to the custody of the Department of Youth Services. Affiant maintains that this factor goes beyond those to be considered by the judge pursuant to R.C. 2151.26 and Juv.R. 30, holds the state to a higher standard of proof than required by statute or rule, and is contrary to law. The alleged delinquents in the underlying cases have not had prior DYS commitments.

Judge Ruben responds by indicating that she merely has expressed her reluctance to transfer youths for prosecution as adults under certain circumstances, but has not stated affirmatively that she would deny all motions for transfer under the circumstances presented in the underlying cases. She asserts that affiant's contentions are a product of disagreement or dissatisfaction with her rulings in earlier cases, a factor that repeatedly has been held not to constitute grounds for disqualification pursuant to R.C. 2701.03.

Having reviewed the record, I am unable to conclude that Judge Ruben has a predisposition regarding the issue of transfer that mandates her disqualification from the underlying cases. The transcript of the July 5, 1995 hearing demonstrates that Judge Ruben's statement regarding motions to transfer is a general summary provided to counsel for both parties of her past rulings on such motions.

A fair reading of the statement does not reveal a predisposition or a fixed anticipatory judgment that establishes the bias and prejudice necessary for disqualification pursuant to R.C. 2701.03.

Of particular relevance in this regard is information in the record provided by Judge Ruben relative to her past rulings on transfer motions. This information reveals that since 1991, Judge Ruben has granted motions to transfer an alleged juvenile delinquent for prosecution as an adult in more than one-half of the cases in which the motions were considered, including cases in which the juvenile had no prior commitment to the custody of the Department of Youth Services. This evidence is directly contrary to affiant's claims that Judge Ruben's former rulings demonstrate a predisposition to denying the motions to transfer in the underlying cases or that the judge will act in a clearly prejudicial manner that is contrary to law.

For these reasons, the affidavit of disqualification is found not well taken and is denied. The cases shall proceed before Judge Ruben.