**In re CONTEMPT OF LUSNIA et al., Appellants.**

[Cite as *In re Contempt of Lusnia* (1997), 121 Ohio App.3d 184.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

Nos. 70312 and 70313.

Decided June 2, 1997.

*Stephanie Tubbs Jones*, Cuyahoga County Prosecuting Attorney, *George J. Sadd* and *Randi M. Ostry*, Assistant Prosecuting Attorneys, for appellants.

*Berkman, Gordon, Murray & DeVan, J. Michael Murray, Larry S. Gordon* and *Brooke F. Kocab*, for appellee.

KARPINSKI, Judge.

These consolidated appeals arise from direct criminal contempt proceedings in the juvenile court against two assistant prosecuting attorneys. The charges arose after the assistant prosecutors obtained and transcribed an audiotape recording of a prior completed juvenile courtroom proceeding for the purpose of filing a three-paragraph verbatim excerpt of the transcript to support a motion to disqualify a judge in this juvenile proceeding.

This matter commenced as a delinquency action against a juvenile in this case (No. 9509199) on charges that he had committed acts that would constitute aggravated murder and aggravated robbery if committed by an adult. Three other juveniles and one adult were charged in separate cases in connection with the offenses. The victim, Vincent Drost, was stabbed in the heart, beaten, and robbed of his wallet, which contained one dollar. An assistant prosecutor filed a motion to transfer this case (No. 9509199) from the juvenile court to the common pleas court for prosecution of Holland as an adult.

Prior to a hearing or ruling on the transfer motion, another assistant prosecutor, seeking disqualification of the juvenile court judge presiding over the case, filed an affidavit of bias and prejudice with the Ohio Supreme Court. The motion was supported by excerpts from the transcript of proceedings in a prior juvenile court case (No. 9508596), in which the prosecution filed a similar motion before the same juvenile court judge and the proceedings were completed in the juvenile court. The three-paragraph excerpt contains general statements by the judge concerning juvenile bindover proceedings.

The Ohio Supreme Court notified the juvenile court judge that the motion had been filed and provided her fifteen days to make a written response. In a three-page typewritten order dated one month after the motion was filed, the Chief Justice of the Supreme Court subsequently denied the affidavit of disqualification. *In re Disqualification of Ruben* (1995), 77 Ohio St.3d 1232, 674 N.E.2d 348.

The juvenile court judge thereafter found probable cause to believe that the juvenile in the case at bar (No. 9509199) had committed the offenses, and scheduled a hearing on his amenability to rehabilitation in the juvenile system. On the day prior to the scheduled amenability hearing, the judge filed identical motions to show cause against Alison Little, the assistant prosecutor who obtained the audiotape from the prior case (No. 9508596), as well as her supervisor, Kenneth Lusnia, who ordered the transcription. The three-page, single-spaced typewritten documents charged that the assistant prosecutors obtained the audiotape from the judge's bailiff under false pretenses, compromised the integrity of the record by removing the tape from control of the court, and improperly transcribed the audiotape without prior permission of the judge. At the request of a doctor, the amenability hearing was thereafter continued by agreement of the parties.

The juvenile court judge concluded the substantive case against the juvenile in the case at bar (No. 9509199) by finding that he was not amenable to the juvenile system and transferred the matter to the common pleas court for prosecution. The original attorney appointed by the judge to prosecute the contempt proceedings withdrew as special counsel shortly after the transfer of the underlying case (No. 9509199) to the common pleas court. The juvenile court judge appointed

new counsel to prosecute the contempt proceedings. Approximately six weeks thereafter, the matter proceeded to a contempt hearing with all parties represented by counsel. The trial court issued a twenty-two-page, single-spaced opinion finding both assistant prosecutors in "direct contempt in the constructive presence of the court," ordering them both to pay $250 fines, and ordering Little to serve one day in jail. This court granted stays of execution of the sentences pending appeal and consolidated the two appeals for disposition. The juvenile court judge is represented on appeal by her third counsel.

Appellants raise five assignments of error on appeal.[1] We find that the second assignment of error, which challenges the sufficiency of the evidence to support the contempt convictions, is meritorious and reverse the judgments of contempt. See *Catholic Social Serv. of Cuyahoga Cty. v. Howard* (1995), 106 Ohio App.3d 615, 666 N.E.2d 658.

The juvenile court judge in the case at bar (No. 9509199) charged the prosecutors with direct criminal contempt in violation of R.C. 2705.01, which provides as follows:

"A court, or judge at chambers, may summarily punish a person guilty of misbehavior in the presence of or so near the court or judge *as to obstruct the administration of justice.*" (Emphasis added.)

This court reversed the juvenile court's finding of contempt in *Howard* precisely because, as in this case at bar, the record did not show how the alleged contemnors obstructed the administration of justice. *Id.* at 619, 666 N.E.2d at 661.

The *Howard* Court explained its reasoning as follows:

" * * * There is no evidence of conduct by appellant which impeded or interrupted any proceedings in the trial court's courtroom or anywhere in the vicinity of the courtroom.

"The determination of contempt is within the trial court's discretion. However, evidence of guilt beyond a reasonable doubt must be shown on the record and the offending conduct must constitute an imminent threat to the administration of justice. *Cleveland v. Heben* (1991), 74 Ohio App.3d 568, 599 N.E.2d 766." *Id.*

As in *Howard*, the juvenile court's lengthy opinion in this case does not explain how obtaining an audiotape of a concluded proceeding and transcribing a verbatim three-paragraph excerpt from that audiotape obstructed the administration of justice. The proceeding from which that audiotape was made, the prior case (No. 9508596), had been concluded in the juvenile court. The juvenile entered an

---

1. The five assignments of error are set forth in the appendix.

admission to a reduced charge, no appeal was pending, and there were no further proceedings of any kind to impede or obstruct. Speculation about possible tampering or destruction of the audiotape record does not constitute proof of an imminent threat to the administration of justice.[2] The record does not show any obstruction of the administration of justice in the prior case.

In the case at bar (No. 9509199), moreover, the prosecution had a statutory right under R.C. 2701.03 to file an affidavit of prejudice. The timely filing of an affidavit of prejudice, even if ultimately denied by the Ohio Supreme Court as in the case at bar, does not by itself "obstruct the administration of justice." The Chief Justice did not find that the affidavit was frivolous or filed for purposes of delay, and the matter was resolved within one month of filing. *In re Disqualification of Ruben* (1995), 77 Ohio St.3d 1232, 674 N.E.2d 348. Under the circumstances, the record shows the assistant prosecutors did not improperly obstruct any proceedings or the administration of justice.[3]

Accordingly, the second assignment of error in these consolidated appeals is well taken. The criminal contempt judgments of the juvenile court are hereby reversed. In light of our disposition of the second assignment of error, the remaining four assignments of error in these consolidated appeals are moot, and we decline to address them pursuant to App. R. 12(A)(1)(c). *Catholic Social Serv. of Cuyahoga Cty. v. Howard, supra,* 106 Ohio App.3d at 620, 666 N.E.2d at 661–662.

The judgments of criminal contempt are reversed.

*Judgments reversed.*

JAMES D. SWEENEY, C.J., and O'DONNELL, J., concur.

## APPENDIX

1. The juvenile court erred as a matter of law in finding appellants in contempt of court as the subject recording is a public record as defined by R.C. 149.42 and therefore its access and disclosure are not prohibited by Juv.R. 37(B).

2. The trial court erred in finding appellants in contempt of court as the evidence is insufficient as a matter of law to sustain their convictions.

---

2. The record shows that the audiotape was returned to the judge's bailiff prior to the filing of the affidavit of prejudice. There is no evidence or claim that the audiotape recording was altered in any way from its original condition.

3. Compare *Toledo Bar Assn. v. Wittenberg* (1991), 60 Ohio St.3d 94, 573 N.E.2d 641, in which the Supreme Court found that an attorney violated professional ethics disciplinary rules by removing criminal and traffic affidavits from court files, the absence of which suspended further proceedings, and by failing to return some of them to the court.

3. The trial judge violated appellants' Fourteenth Amendment rights of due process of law as guaranteed by the U.S. Constitution in failing to recuse herself and acting as an advocate on behalf of the prosecution to prove the crime charged.

4. Appellants were denied their Sixth Amendment right to have compulsory process for obtaining witnesses and their right to present a defense when Judge Ruben quashed her own subpoena and refused to testify as to her "policy."

5. Appellants were denied due process of law by the lack of specificity of the crime charged in the trial judge's show cause order.