OPINION
{¶ 1} The following is an accelerated calendar appeal submitted on the briefs of the parties. Appellant, Anthony R. DeMarco, appeals from a judgment entry of the Warren Municipal Court, finding him in direct criminal contempt of court, pursuant to R.C. 2705.01. For the reasons that follow, we affirm the judgment of the municipal court.
 {¶ 2} On October 17, 2002, appellant was issued a citation for the reckless operation of his vehicle, in violation of Warren City Ordinance333.09, a first degree misdemeanor. Appellant challenged the citation and a trial date was set for March 26, 2003.
 {¶ 3} On the morning of March 26, 2003, just prior to appellant's trial on the traffic citation, the municipal court found appellant in direct contempt of court, under R.C. 2705.01, and ordered him to serve ten days of incarceration in the Trumbull County Jail. The trial court's finding of contempt and sentencing was made immediately without any additional hearing.
 {¶ 4} On March 31, 2003, the municipal court issued its written judgment entry of contempt and expounded its findings of fact and conclusions of law in support of the direct contempt order. The trial court made the following relevant factual findings. On the morning of appellant's trial, the court's probation officer informed the judge that appellant was causing a disturbance in the hallway outside of the courtroom. The judge informed the probation officer to placate appellant until his case was called.
 {¶ 5} As the morning progressed, the judge could clearly hear a commotion going on immediately outside the courtroom entrance. The probation officer re-entered the courtroom and informed the judge that appellant had accused him of being on crack cocaine, called the prosecutor a "peon," and insulted the judge. As a result, the judge instructed the probation officer to inform appellant that he was to leave the courtroom floor.
 {¶ 6} Moments later, the judge stated that appellant could be heard yelling and screaming in the hallway outside of the courtroom. Appellant and the probation officer then "bounded" into the courtroom "interrupting the business at hand" The judge asked the probation officer for an explanation; however, "[a]ppellant was totally out of control and prohibited the Probation Officer from answering the Judge's questions." Accordingly, appellant was immediately found in direct contempt of court under R.C. 2705.01 and sentenced to ten days of incarceration in the county jail. Appellant subsequently obtained a temporary stay on his sentence for direct contempt.
 {¶ 7} From this judgment, appellant filed a timely notice of appeal which set forth the following assignment of error:
 {¶ 8} "Whether the trial court erred by finding defendant in direct contempt of court pursuant to O.R.C. 2705.01 where the trial judge lacked personal knowledge of Defendant's contemtible [sic] conduct and where the trial court failed to conduct a hearing regarding Defendant's contemptible conduct."
 {¶ 9} Under his sole assignment of error, appellant contends that the municipal court erred by holding him in direct contempt when the judge lacked personal knowledge of appellant's conduct. Specifically, appellant argues that the court's order of direct contempt was based solely upon actions outside of the judge's view and statements of a third party. Thus, appellant concludes that because he was not in direct contempt, the court was required to hold a hearing prior to his being held in contempt.
 {¶ 10} Prior to addressing the merit of appellant's assignment of error, we will set forth the appropriate standard of review. A trial court, in the exercise of its sound discretion, has the power to determine the kind and character of conduct which constitutes direct contempt of court. State v. Kilbane (1980), 61 Ohio St.2d 201; State v.Conliff (1978), 61 Ohio App.2d 185. A reviewing court will not reverse a decision in contempt proceedings absent a showing of abuse of discretion. State ex rel. Ventrone v. Birkel (1981), 65 Ohio St.2d 10. Abuse of discretion is more than an error of law; rather, it implies that the trial court's attitude is unreasonable, arbitrary or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 11} Contempt is considered an act or omission that substantially disrupts the judicial process in a particular case. In re Contempt ofMorris (1996), 110 Ohio App.3d 475, 479. The Ohio Supreme Court has defined contempt as "conduct which brings the administration of justice into disrespect, or which tends to embarrass, impede or obstruct a court in the performance of its functions." Windham Bank v. Tomaszczyk (1971),27 Ohio St.2d 55, at paragraph one of the syllabus. See, also, In re Cox
(Dec. 23, 1999), 11th Dist. Nos. 98-G-2183 and 98-G-2184, 1999 Ohio App. LEXIS 6266, at 7. Municipal courts have the authority to punish through a contempt order. R.C. 1901.13(A)(1).
 {¶ 12} That being said, contempt can either be direct or indirect. A court's direct contempt powers are set forth in R.C. 2705.01:
 {¶ 13} "A court, or judge at chambers, may summarily punish a person guilty of misbehavior in the presence of or so near the court or judge as to obstruct the administration of justice."
 {¶ 14} Accordingly, direct contempt usually involves some form of misbehavior in the courtroom and in the presence of the judge. In re Cox
at 9. When a judge has viewed and/or heard such misbehavior, he or she is said to have personal knowledge of the contemptible actions. See, e.g.,In re Neff (1969), 20 Ohio App.2d 213.
 {¶ 15} A finding of direct contempt, pursuant to R.C. 2705.01, allows the court to "summarily" punish the offender. To "summarily" punish means "the court is not required to accord the person the usual procedural rights of due process, such as the filing of process or the taking of evidence." Quirke v. Quirke (Sept. 20, 1996), 11th Dist. No. 92-A-1755, 1996 Ohio App. LEXIS 4110, at 6-7, citing Fed. Land Bank Assn. ofFostoria v. Walton (1995), 99 Ohio App.3d 729, 734.
 {¶ 16} By contrast, an individual may be held in indirect contempt when the misconduct occurred outside of the court's presence. "[W]here a judge has no personal knowledge of the alleged act of contempt because of its commission beyond the court's actual physical presence, the court should strictly adhere to the procedure outlined in R.C. 2705.03
requiring a written charge, notice to the defendant of the charge, the opportunity for the defendant to be represented by counsel, and an adversary hearing upon the issues." In re Cox at 10, citing State v.Local Union 5760 (1961), 172 Ohio St. 75, 82.
 {¶ 17} In an appeal from a conviction of contempt, a reviewing court is bound by the record, and the guilt of the person convicted must affirmatively appear in the record. Commonwealth of Pennsylvania v.Brown (1964), 9 Ohio App.2d 131, 134. See, e.g., Hubbard v. Cawley, 11th Dist. No. 2000-T-0031, 2001-Ohio-8807, 2001 Ohio App. LEXIS 5203, at 5. In the instant case, as there was no hearing held or transcript available, our review is limited solely to the record of factual findings made by the municipal court within its judgment entry.
 {¶ 18} Our review of the municipal court's factual findings demonstrates that appellant was in direct contempt and, therefore, the court's judgment which "summarily" punished appellant does not represent an abuse of discretion. We do not need to address the issue of whether or not the judge had personal knowledge of the disturbance outside the court room. The judgment entry notes that following noise from a disturbance in the hallway, appellant and the probation officer "bounded" into the courtroom "interrupting the business at hand" The court noted that appellant was "out of control" and prohibited the probation officer from answering the judge's questions. Standing alone, this misconduct was sufficient to establish that appellant was in direct contempt. This finding confirms that the judge had personal knowledge of this misconduct and that such misconduct was disrespectful and substantially disrupted the judicial process. As a result, the municipal court did not abuse its discretion by finding appellant in direct contempt and was not required to provide appellant any additional procedural due process rights. Thus, appellant's assignment of error is without merit.
 {¶ 19} Based upon the foregoing analysis, the trial court did not err in finding appellant in direct contempt. The judgment of the trial court is hereby affirmed.
Grendell, J., Rice, J., concur.