The **STATE** of Ohio, Appellee,

v.

**BROWN**, Appellant.

[Cite as *State v. Brown*, 163 Ohio App.3d 222, 2005-Ohio-4590.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–040878.

Decided Sept. 2, 2005.

Julia L. McNeil, City Solicitor, Ernest F. McAdams, City Prosecutor, and Marva Benjamin, Assistant City Prosecutor, for appellee.

William R. Gallagher, for appellant.

GORMAN, Judge.

{¶ 1} The defendant-appellant, Falisha Brown, appeals from her conviction for violating Section 506–86 of the traffic chapter of the Cincinnati Municipal Code, which penalizes an improper turn. The trial court ordered her to pay a fine of $16 and court costs of $84. In her two assignments of error, she contends that (1) the trial court abused its discretion by denying her a continuance when her retained counsel was unable to appear on the date set for trial, and (2) her conviction was contrary to the manifest weight of the evidence. Because we find merit in her first assignment of error, we reverse, thus rendering the second assignment of error moot.

{¶ 2} After pleading not guilty at arraignment on October 13, 2004, Brown signed an entry extending time from October 13, 2004, until November 16, 2004, the date set for trial. On November 16, she appeared in court, and the prosecutor, after apparently consulting with her, informed the court that she had hired an attorney to represent her. Interpreting this information as a request for a continuance so that the attorney might appear on Brown's behalf, the trial court asked the prosecutor if the state's witnesses were present. When the prosecutor replied affirmatively, the court stated, "I'm going to deny the continuance. It's a minor misdemeanor. You're not facing a jail term. The witnesses are here, so you can represent yourself. Is your plea not guilty?"

{¶ 3} After affirming that she was still maintaining her innocence, Brown informed the court that her witnesses were not present. The court stated that it wanted the state's witnesses to testify and indicated that it would continue the trial in progress to afford Brown the opportunity to present her witnesses, presumably with the aid of her retained counsel.

{¶ 4} The prosecution then put on its case, calling three witnesses, all of whom Brown cross-examined on her own, without the aid of counsel. After the state rested, the trial court announced that the case would be continued in progress and stated to Brown, "I guess you need to talk to your lawyer."

{¶ 5} When the trial resumed on December 6, 2004, Brown appeared with counsel, who immediately objected to the earlier denied continuance on the ground that Brown had been denied the assistance of counsel in cross-examining the state's witnesses. After Brown and her two witnesses testified and the prosecutor and Brown's counsel argued the case, the trial court sought to explain again why it had denied Brown a continuance ahead of trial. The court stated that it did not want to risk the chance that the state's witnesses would not come back at a later date. The court cited the "high volume" of witnesses who failed to return for a rescheduled trial in municipal court.

{¶ 6} It is well settled that the trial court has broad discretion to deny a continuance. See *State v. Unger* (1981), 67 Ohio St.2d 65, 21 O.O.3d 41, 423 N.E.2d 1078. That discretion is abused when the court's decision is unreasonable, arbitrary, or unconscionable. See *State v. Adams* (1980), 62 Ohio St.2d 151, 16 O.O.3d 169, 404 N.E.2d 144. The trial court should consider all the following before reaching a decision: (1) the length of the requested delay, (2) whether other continuances have been granted, (3) the inconvenience to the litigants, witnesses, opposing counsel, and the court, (4) whether the requested delay is for legitimate reasons or whether it is dilatory, purposeful, or contrived, (5) whether the defendant has contributed to the circumstance that gives rise to the request for a continuance, and (6) other relevant factors. *State v. George*, 1st Dist. No. C–030216, 2004-Ohio-2868, 2004 WL 1231572, at ¶ 50, citing *Unger*, supra.

{¶ 7} Significantly, the trial court here did not question Brown's assertion before trial that she had retained counsel. Rather, it appears from the record that the court denied the continuance solely because of its concern that the state's witnesses, other than the police officer, would not return for a later scheduled trial. At one point, the trial court posed the question whether the state's witnesses wanted to "give their testimony today or do they want to come back?" Rather than engaging in a separate colloquy with the witnesses, however, the trial court appears to have accepted the peremptory single-word answer of the prosecutor that the witnesses preferred to give their testimony "today."

{¶ 8} Although voicing its concern for the future availability of the state's witnesses, the trial court appears to have given little weight to Brown's right to counsel as guaranteed by the Sixth Amendment and the Fourteenth Amendment to the United States Constitution, as well as Section 10, Article I of the Ohio Constitution. The right is considered fundamental to our system of jurisprudence. See *Gideon v. Wainwright* (1963), 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799; *Argersinger v. Hamlin* (1972), 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530. The court implied that the right had less significance given the minor nature of the charge and the fact that Brown was not facing incarceration, but such implication was wrong. The right to counsel is guaranteed in all criminal prosecutions, felony and misdemeanor, based upon the recognition that even an educated layperson has only minimal skill in the law. See *Powell v. Alabama* (1932), 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158. For the state to have been allowed to present its case-in-chief without the presence of Brown's retained counsel was, without doubt, a denial of her right to effective assistance of counsel during a highly critical stage of the trial.

{¶ 9} Concededly, the right to counsel "must be considered along with the need for the efficient and effective administration of criminal justice." *State v. Boone* (1995), 108 Ohio App.3d 233, 238, 670 N.E.2d 527. When a defendant

who has refused to take the necessary steps to obtain counsel requests a continuance on the day of trial to secure representation, a trial court may, under proper conditions, be permitted to infer that the defendant has, by his or her dilatoriness, waived the right to counsel. Id. But such a conclusion should be circumspect, and it should be made only after careful consideration of the background, experience, and conduct of the accused person. Id.

{¶ 10} Here, we perceive no evidence that Brown was dilatory in her efforts to obtain counsel. Other than the original entry extending time, she had asked for no other continuances. As noted, the fact that she had retained counsel by the date of the trial was apparently not questioned by the trial court, and, in fact, it was assumed by the court to be true. Although the court's concern for the preservation of testimony was laudable, we hold that it was unreasonable to elevate that concern over Brown's right to have her attorney present during the presentation of the state's case. Accordingly, we conclude that Brown's first assignment of error has merit.

{¶ 11} In her second assignment of error, Brown argues that her conviction was contrary to the manifest weight of the evidence. As a reversal on this ground would still allow the state to retry the case, the assignment is moot since the same relief is occasioned by our validation of the first assignment.

{¶ 12} Therefore, the judgment of the trial court is reversed, and this case is remanded for further proceedings in accordance with law.

Judgment reversed
and cause remanded.

DOAN, P.J., concurs.

HENDON, J., concurs separately.

HENDON, Judge, concurring separately.

{¶ 13} The very volume of cases that crowd the municipal court trial docket makes the decision in this case a difficult one. Where a defendant faces no possible jail time, the law is well settled that there is no right to appointed counsel. See Scott v. Illinois (1979), 440 U.S. 367, 99 S.Ct. 1158, 59 L.Ed.2d 383; State v. Wiest, 1st Dist. No. C–030674, 2004-Ohio-2577, 2004 WL 1124594; Willard v. Wertz (Apr. 13, 2001), 6th Dist. No. H–00–001, 2001 WL 376391. Consequently, were this defendant to have requested appointment of counsel on the date of her trial, the trial court would have been well within its discretion to deny the request and to proceed to trial.

{¶ 14} However, in this case, the defendant represented that she had already retained counsel but that counsel was unavailable on the trial date. The concern

with this representation arises from the fact that the record is silent as to the efforts made to verify the defendant's assertion. There is no form designating counsel in the record, nor is there any record of dialogue between the court and anyone purporting to confirm counsel's participation—only the unverified statement of the defendant.

{¶ 15} It is frustrating at the least for the trial court to grant a continuance when all the state's witnesses, pursuant to properly issued subpoenas, are present and ready to testify. It is equally troublesome that given the ruling in this case, the prosecutor's office will be reluctant to subpoena its witnesses to the first trial setting lest they be met with a defendant's representation that he or she has retained the chronically "unavailable" counsel. In order to verify whether such a representation is nothing more than a delay tactic, a court will be forced to do its own inquiry into the veracity of the representation before denying a continuance.

{¶ 16} In this case, however, apparently there was no doubt as to whether counsel had actually been retained, as it was the prosecutor who informed the court of the defendant's situation and request for a continuance. If, in fact, the retention of counsel is accepted as true by the trial court, as it was in this case, the continuance must be granted as detailed in the reasoning of the lead opinion.