OPINION
{¶ 1} The following is an accelerated calendar appeal submitted on appellant's brief.[1] Appellant, Richard A. Olivito, appeals from a judgment entry of the Warren Municipal Court, finding him in direct criminal contempt. For the reasons that follow, we affirm.
 {¶ 2} The record discloses the following facts. Appellant was representative counsel for Steven J. Satterlee ("Steven"). Steven was charged with resisting arrest and disorderly conduct. With appellant acting as defense counsel, Steven pleaded not guilty to the foregoing charges and requested a jury trial. Ultimately, the jury trial was scheduled to proceed on January 24, 2005.
 {¶ 3} Apparently, on the day of trial, appellant and prosecutor, Traci Rose ("Traci"), discussed dismissing the resisting arrest charge and allowing Steven to enter a guilty plea to the charge of disorderly conduct. As a result of this discussion, the jury was dismissed based upon the matter's resolution.
 {¶ 4} Later that afternoon, the municipal court held a hearing presumably to allow Steven to enter a guilty plea to the remaining charge of disorderly conduct. During the hearing, the court and appellant referenced a dismissal of the resisting arrest charge and a guilty plea to disorderly conduct. However, prosecutor James Sanders ("James"), who was standing in on behalf of Traci, stated that he believed the resisting arrest dismissal included a stipulation as to the arresting officer's probable cause. To resolve this issue, the court allowed James to telephone Traci.
 {¶ 5} After speaking with Traci, James informed the municipal court that the dismissal of the resisting arrest charge was contingent upon a stipulation of probable cause. Appellant contended that the dismissal did not require this stipulation. The court determined that there was a misunderstanding regarding the agreement and, therefore, the jury trial would have to be rescheduled. Appellant agreed that the trial would have to be rescheduled.
 {¶ 6} While the court attempted to reschedule the trial, appellant repeatedly interrupted the court. The court warned appellant and instructed him on numerous occasions to stop interrupting. Despite the court's multiple orders, appellant continued to talk and impede the court's attempt to reschedule the trial. As a result, the court held appellant in direct criminal contempt.
 {¶ 7} On January 24, 2005, the court issued a judgment entry finding appellant in direct criminal contempt. The judgment entry stated, "[appellant's] repeated outbursts after numerous warnings to desist put this court in the unfortunate but necessary position of restoring order and decorum to its proceedings." The municipal court then ordered appellant to serve three days in the Trumbull County Jail and issued a fine of $500.
 {¶ 8} From this judgment, appellant has filed a timely notice of appeal and now sets forth the following assignment of error for our consideration:
 {¶ 9} "The Warren Municipal Court erred when if found the Appellant in criminal contempt for conduct which did not meet the proof beyond a reasonable doubt that what the Appellant did implied [sic] an intent to willfully disobey a court order and/or intentionally bring disrepute upon the administration of justice."
 {¶ 10} At the outset we note that appellant has completed his three-day jail sentence and paid a portion of the $500 fine. However, this court stayed the contempt order, and the balance of the fine remains outstanding.
 {¶ 11} Under his sole assignment of error, appellant contends that the municipal court's finding of contempt represented an abuse of discretion. Appellant argues that the record fails to establish this finding was supported by proof beyond a reasonable doubt. Instead, appellant maintains that the contempt order was baseless and predicated solely upon the court's personal bias.
 {¶ 12} Contempt is considered an act or omission that substantially disrupts the judicial process in a particular case.In re Contempt of Morris (1996), 110 Ohio App.3d 475, 479. The Ohio Supreme Court has defined contempt as "conduct which brings the administration of justice into disrespect, or which tends to embarrass, impede or obstruct a court in the performance of its functions." Windham Bank v. Tomaszczyk (1971),27 Ohio St.2d 55, paragraph one of the syllabus.
 {¶ 13} Municipal courts are authorized to punish through a contempt order. R.C. 1901.13(A)(1). If the purpose of the municipal court's order is to punish the contemnor for prior improper acts, the contempt proceeding is criminal. NorthKingsville v. Maddox, 11th Dist. No. 2001-A-0052, 2002-Ohio-7122, at ¶ 14. Within criminal contempt, the contempt may be either direct or indirect. Id.
 {¶ 14} The municipal court in the instant case found appellant to be in direct criminal contempt. A court's authority to issue a direct criminal contempt order is set forth in R.C.2705.01, to wit:
 {¶ 15} "A court, or judge at chambers, may summarily punish a person guilty of misbehavior in the presence of or so near the court or judge as to obstruct the administration of justice."
 {¶ 16} Direct contempt usually involves some form of misbehavior in the courtroom and in the presence of the judge.Warren v. DeMarco, 11th Dist. No. 2003-T-0052, 2004-Ohio-3191, at ¶ 14. Moreover, a finding of direct contempt allows the court to "summarily" punish the offender. To "summarily" punish means "the court is not required to accord the person the usual procedural rights of due process, such as the filing of process or the taking of evidence." Quirke v. Quirke (Sept. 20, 1996), 11th Dist. No. 92-A-1755, 1996 Ohio App. LEXIS 4110, at 6-7.
 {¶ 17} "Because the purpose of contempt proceedings is to uphold the dignity and authority of the courts, great deference is given to the judgment of the trial judge." Maddox at ¶ 15, citing Denovchek v. Bd. of Trumbull Cty. Commrs. (1988),36 Ohio St.3d 14, 15. Accordingly, the determination of what constitutes contempt of court is within the sound discretion of the trial court, and will not be reversed absent an abuse of the court's discretion. Maddox at ¶ 15. Abuse of discretion "connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable." Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 18} Criminal contempt must be proved beyond a reasonable doubt. In re Cox (Dec. 23, 1999), 11th Dist. Nos. 98-G-2183 and 98-G-2184, 1999 Ohio App. LEXIS 6266, at 12. When reviewing an appeal from a contempt order, the reviewing court is bound by the record, and the basis of the contempt order must affirmatively appear in the record. DeMarco at ¶ 17.
 {¶ 19} Here, the record affirmatively establishes that the municipal court's finding for direct contempt was proved beyond a reasonable doubt. The record demonstrates that, in the presence of the municipal court, appellant repeatedly defied the court's warnings and demands to remain silent. Specifically, as the court attempted to reschedule the jury trial, appellant continuously interrupted and talked over the court. The court warned appellant to stop "pressing" and repeatedly instructed appellant to be quiet. Despite these warnings, appellant continued his inappropriate behavior.
 {¶ 20} Contempt may be derived from the offender's disruptive act of persistently interrupting the court in disregard of the court's warning to stop. See, e.g., Maddox, at ¶¶ 5-6. Appellant's interruptions impeded the court's ability to reschedule the jury trial and showed general disrespect to the court. Accordingly, the court did not abuse its discretion by finding appellant in direct criminal contempt, as the record affirmatively establishes such contempt beyond a reasonable doubt.
 {¶ 21} As a brief aside, we note that although R.C. Chapter 2705 fails to specifically limit the punishment a court may impose for direct contempt, the punishment issued must be reasonable and in proportion to contemptuous act. State v.King, 8th Dist. No. 80958, 2002-Ohio-7228, at ¶ 12. See, also,State v. Sindell (Apr. 4, 1979), 9th Dist. No. 2745, 1979 Ohio App. LEXIS 10297, at 17. Therefore, the court's punishment for contempt may represent an abuse of discretion. King at ¶ 12.
 {¶ 22} Here, the court's finding of contempt was proper, but the three-day jail sentence issued as punishment was excessive. In short, appellant's conduct, while disruptive, did not merit a three-day jail sentence. Rather, a monetary fine, standing alone, would have been a sufficient punishment for appellant's contemptuous conduct. Nevertheless, appellant has already served his three-day jail term and, therefore, the foregoing issue was not before us.
 {¶ 23} Based upon the foregoing analysis, appellant's sole assignment of error is without merit. We hereby affirm the municipal court's judgment of contempt.
O'Neill, J., concurs in judgment only.
Grendell, J., concurs in judgment only.
[1] Appellee, city of Warren, did not submit a brief in opposition.