{¶ 47} I concur with the majority's analysis and disposition of appellant's first and second assignments of errors with respect to the charge of driving under the influence. I also concur with the majority's analysis and disposition of appellant's third and fourth assignments of error.
 {¶ 48} However, I respectfully disagree with the majority's analysis and disposition of appellant's first and second assignments of error as they relate to the marked lanes charge. The majority, in its decision, holds that the trial court did not err in denying appellant his constitutional right to the effective assistance of counsel with respect to such charge.
 {¶ 49} I agree with the majority that appellant did not have the right to court-appointed counsel with respect to the marked lanes charge since the same was a minor misdemeanor. A person charged with a minor misdemeanor does not have the right to appointed counsel. See, for example, State v. Sturgill,
Auglaize App. No. 2-01-34, 2002-Ohio-1766 citing State v.Buchholz (1984), 11 Ohio St.3d 24, 462 N.E.2d 1222. However, the right to counsel is guaranteed in all criminal prosecutions, both felony and misdemeanor. State v. Brown, 163 Ohio App.3d 222,837 N.E.2d 429, 2005-Ohio-4590. From my review of the record, I would find that there is no evidence that appellant validly waived his right to counsel, whether court-appointed or not, with respect to the marked lanes charge. On such basis, I would sustain appellant's first and second assignments of error in their entirety.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Municipal Court of Licking County, Ohio, is affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.