[Cite as *State v. Stegall*, 2012-Ohio-3792.]

# IN THE COURT OF APPEALS

# FIRST APPELLATE DISTRICT OF OHIO

# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NOS. C-110767 |
| | | C-120112 |
| Plaintiff-Appellee, | : | C-120113 |
| | | TRIAL NOS. 11TRD-54340 |
| vs. | : | C-11CRB-36101 |
| | | C-11CRB-36108 |
| DESHRAYONA STEGALL, | : | |
| Defendant-Appellant. | : | *O P I N I O N.* |
| | : | |

Criminal Appeal From:  Hamilton County Municipal Court

Judgment Appealed From Is:  Affirmed in Part, Reversed in Part, and Cause Remanded

Date of Judgment Entry on Appeal:  August 24, 2012

*John P. Curp*, City Solicitor, *Charles A. Rubenstein*, City Prosecutor, and *Kevin O. Donovan*, Senior Assistant City Prosecutor, for Plaintiff-Appellee,

*William R. Gallagher*, for Defendant-Appellant.

Please note:  This case has been removed from the accelerated calendar.

**SYLVIA SIEVE HENDON, Judge.**

{¶1}    Defendant-appellant Deshrayona Stegall was involved in an automobile accident on October 24, 2011.  She was charged with making an improper left turn, a minor misdemeanor offense, in violation of Cincinnati Municipal Code 506-80.

{¶2}    Stegall pleaded not guilty to the charge, and the case was scheduled for trial on November 18, 2011.  On that date, she appeared with counsel.  Counsel moved to withdraw from the matter, and moved for a continuance on Stegall's behalf.  The court denied both motions.

{¶3}    Before the trial began, Stegall interrupted while the judge was speaking. During Stegall's testimony at trial, the judge warned Stegall that she was being rude, and directed her to answer the prosecutor's questions.

{¶4}    At the close of the trial, the judge had just begun to explain her guilty verdict when Stegall walked out of the courtroom.  When the courtroom bailiff brought Stegall back into the courtroom, the following exchange took place:

{¶5}    THE COURT:  Come up, ma'am.  All right. You're being disrespectful –

{¶6}    THE DEFENDANT:  No, I'm not.

{¶7}    THE COURT:   -- even your witness is being disrespectful.

{¶8}    THE DEFENDANT:  No, I'm not.

{¶9}    THE COURT:  I made a finding of guilty.  You're speaking while I'm speaking. Again you're being disrespectful.  I'm finding you in contempt, and you'll be - - 30 days is imposed.  With regard to - -  If you disrupt me again, I'll issue another contempt finding and find you for 30 more days and run it consecutive.

{¶10}  The court instructed that Stegall be taken into custody.  The court told Stegall, "If you continue to disrupt my courtroom, it will be another 30 days."

{¶11} The court continued to speak with counsel and with one of the state's witnesses, when the bailiff stated, "Judge, give her another Contempt of Court. She had her handcuffs behind her and put them in front of her." The judge said, "Okay," and then heard other matters.

{¶12} The court then told Stegall to step forward.

{¶13} THE COURT:  * * * [I]t's my understanding, once again, after being warned several times and found in contempt, now twice, that as you left my courtroom, you made a reference to me in the words being that you called me a b**** as you exited the courtroom. Based on that, once again, extremely disrespectful to me, to my courtroom staff, another 30 days will be imposed.

{¶14} THE DEFENDANT:  Can I say something?

{¶15} THE COURT:  You may say something.

{¶16} THE DEFENDANT:  I was not speaking to you, Your Honor.

{¶17} THE COURT:  Who were you referring to when you said the word, "b****"?

{¶18} THE DEFENDANT:  I said, "This is some b**** sh**."

{¶19} THE COURT:  Excuse me?

{¶20} THE DEFENDANT:  "This is some b**** sh**." Because I've been on the opposite side of the table as far as being a criminal, and when I do right, I get wrong for it. I have panic - - and I have anxiety attacks. That's where I was going. I had to get my purse so I could take my meds. I was about to go through an anxiety attack.

{¶21} THE COURT:  Okay. I still find that you called Judge Powers, me, and referred to me as a bitch. And therefore, another 30 days is imposed. Okay.

{¶22} THE DEFENDANT:  So what's that?

{¶23} THE COURT:  So you're doing 90 days now for contempt. Thank you. You may - -

3

{¶24} THE DEFENDANT: Where did you get that from, though?

{¶25} THE COURT: What do you mean? How many times do I have to explain it? You were disruptive, uncooperative. You were warned several times to stop your behavior. You were placed in handcuffs behind you, and you transferred them to the front.

{¶26} THE DEFENDANT: Because - - what would you have - -

{¶27} THE COURT: There's no excuse for this. You left the courtroom during the trial when I was rendering my decision.

{¶28} THE DEFENDANT: I had to get my medication.

{¶29} THE COURT: You're interrupting me now, and if you continue to interrupt, I'll find another 30 days.

{¶30} The court imposed a fine for the traffic violation. In addition, the court imposed a 60-day sentence for contempt in the case numbered C-11CRB-36101, and a consecutive 30-day sentence for contempt in the case numbered C-11CRB-36108.

{¶31} Stegall filed motions to mitigate her sentences in the contempt cases. The court granted the motions on December 2, 2011, after Stegall had served only 15 days in jail. The court remitted the remaining balance of 75 days on Stegall's sentences.

### *Refusal to Grant a Continuance*

{¶32} In her first assignment of error, Stegall argues that the trial court erred by failing to grant a continuance of the trial. She contends that counsel was not prepared to proceed and that he had not subpoenaed a necessary witness for trial.

{¶33} We review a trial court's denial of a continuance for an abuse of discretion. *See State v. Unger*, 67 Ohio St.2d 65, 423 N.E.2d 1078 (1981). While there is no bright-line test for determining whether to allow a continuance, a court may consider factors such as (1) the length of the delay requested; (2) whether other continuances have been granted; (3) the

4

inconvenience to the litigants, witnesses, opposing counsel, and the court; (4) whether the requested delay is for legitimate reasons or whether it is dilatory, purposeful, or contrived; (5) whether the defendant has contributed to the circumstance that gives rise to the request for a continuance; and (6) other relevant factors. *Id.* at 67; *State v. Brown*, 163 Ohio App.3d 222, 2005-Ohio-4590, 837 N.E.2d 429 (1st Dist.).

{¶34} In this case, counsel asked to withdraw from the case, saying he had taken the case "based on other circumstances." When Stegall indicated that a witness who had mailed her a statement was not present, the court asked if the witness had been subpoenaed. Counsel conceded that he had not done so because he "didn't have time from which I was retained to actually make that happen."

{¶35} The trial court noted that the state's witnesses had been present for two hours while the court had waited for defense counsel to appear. And the court indicated that it would allow Stegall to call the witness to testify at a later time so that it could consider his testimony. Stegall did not take advantage of the court's offer, and rested after she testified in her defense. Given these facts, we cannot say that the trial court abused its discretion by denying Stegall's request for a continuance. We overrule the first assignment of error.

### *Criminal Contempt*

{¶36} In her second assignment of error, Stegall argues that the trial court erred by summarily holding her in contempt of court.

{¶37} The supreme court has defined "contempt of court" as "disobedience of an order of a court. It is conduct which brings the administration of justice into disrespect, or which tends to embarrass, impede or obstruct a court in the performance of its functions." *Denovchek v. Bd. of Trumbull Cty. Commrs.*, 36 Ohio St.3d 14, 15, 520 N.E.2d 1362 (1988). Because a contempt proceeding involves the court's authority and proper functioning, we

will not reverse a finding of contempt by a trial court unless it abused its discretion. *Id.*; *State ex rel. Ventrone v. Birkel*, 65 Ohio St.2d 10, 11, 417 N.E.2d 1249 (1981).

{¶38} Contempt proceedings are typically classified as civil or criminal, based on the purpose of the sanctions imposed. *Denovchek* at 16; *State v. Kilbane*, 61 Ohio St.2d 201, 205, 400 N.E.2d 386 (1980). If the sanctions are intended to coerce the contemnor to comply with lawful orders of the court, the contempt proceeding is civil. *Denovchek* at 16; *Kilbane* at 204-205. On the other hand, if the punishment is punitive in nature and is designed to vindicate the court's authority, the contempt proceeding is criminal. *Denovchek* at 16; *Kilbane* at 204-205. "[C]ivil contempts are characterized as violations against the party for whose benefit the order was made, whereas criminal contempts are most often described as offenses against the dignity or process of the court." *State ex rel. Corn v. Russo*, 90 Ohio St.3d 551, 555, 740 N.E.2d 265 (2001).

{¶39} Courts distinguish not only between civil and criminal contempt, but also between indirect and direct contempt. Indirect contempt occurs outside the presence of the court. *In re Lands*, 146 Ohio St. 589, 595, 67 N.E.2d 433 (1946). If a judge has no personal knowledge of an alleged act of contempt because it was committed beyond the court's actual physical presence, then due process requires that the accused be accorded notice and a hearing. *See State ex rel. Seventh Urban, Inc. v. McFaul*, 5 Ohio St.3d 120, 122, 449 N.E.2d 445 (1983); *State v. Felson*, 1st Dist. No. C-000470, 2001 Ohio App. LEXIS 1378 (Mar. 23, 2001).

{¶40} Direct contempt is defined in R.C. 2705.01 as "misbehavior in the presence of or so near the court or judge as to obstruct the administration of justice." *See Kilbane* at 204. Therefore, a court may summarily punish a person for direct contempt on two conditions. First, the judge must have personal knowledge of the disruptive conduct "acquired by his own observation of the contemptuous conduct." *In re Oliver*, 333 U.S. 257,

275, 68 S.Ct. 499, 92 L.Ed. 682 (1948); R.C. 2705.01. Second, the conduct must pose "an open threat to the orderly procedure of the court and such a flagrant defiance of the person and presence of the judge before the public" that, if "not instantly suppressed and punished, demoralization of the court's authority will follow." *Oliver* at 275, citing *Cooke v. United States*, 267 U.S. 517, 536, 45 S.Ct. 390, 69 L.Ed. 767 (1925); R.C. 2705.01; *In re Thomas*, 1st Dist. No. C-030429, 2004-Ohio-373.

{¶41} In the case numbered C-11CRB-36101, the trial court's judgment entry indicated that Stegall had been "found guilty of the following act of misbehavior in the presence of the court, namely disruptive, disrepect[ful], left courtroom during trial & decision – interrupted numerous times after several warnings; placed handcuffs in front, uncooperative." Stegall's acts of interrupting the proceedings and of leaving the courtroom while the court rendered its decision occurred in the judge's presence and required immediate punishment to vindicate the court's authority. So the court's summary punishment of the misbehavior was proper. Consequently, we affirm the court's judgment in that case.

{¶42} In the case numbered C-11CRB-36108, the court's judgment entry described Stegall's misbehavior as having "called Judge Powers 'bitch'." The record demonstrates that the judge had not heard the offending comment and had relied on information provided by the bailiff to make the finding of contempt. So at most, Stegall's conduct could be classified as indirect contempt, for which she is entitled to the constitutional safeguards afforded a criminal defendant. *See Brown v. Executive 200, Inc.*, 64 Ohio St.2d 250, 252, 416 N.E.2d 610 (1980); *In re Parker*, 105 Ohio App.3d 31, 35, 663 N.E.2d 671 (4th Dist.1995). Because Stegall was not afforded such safeguards, we reverse the court's judgment in the case numbered C-11CRB-36108.

*Conclusion*

{¶43}  Having overruled the first assignment of error, we affirm the judgment in the case numbered 11-TRD-54340. The second assignment of error is overruled to the extent that it challenged the judgment in the case numbered C-11CRB-36101, and the trial court's judgment in that case is affirmed.  We sustain the second assignment of error to the extent that it challenged the judgment in the case numbered C-11CRB-36108, and that cause is remanded to the trial court for any further proceedings it may wish to initiate consistent with this opinion.

Judgment accordingly.

**HILDEBRANDT, P.J.,** and **FISCHER, J.**, concur.

Please note:
The court has recorded its own entry on the date of the release of this opinion.