[Cite as *State v. Smith*, 2019-Ohio-4087.]

IN THE COURT OF APPEALS OF OHIO
SEVENTH APPELLATE DISTRICT
MAHONING COUNTY

State of Ohio

      Appellee

v.

Chad Smith

      Appellant

Court of Appeals No. 2017 MA 137

Trial Court No. 2017 TRD 06873

**<u>DECISION AND JUDGMENT</u>**

Decided:  October 1, 2019

* * * * *

Paul J. Gains, Prosecuting Attorney, and Ralph M. Rivera, Assistant Prosecuting Attorney, for appellee.

Rhys B. Cartwright-Jones, for appellant.

* * * * *

**SINGER, J.**

{¶ 1} This is an appeal by appellant, Chad Smith, from the September 27, 2017 judgment entry of the Mahoning County Court in Austintown, Ohio. For the reasons that follow, we reverse the trial court's judgment and dismiss the contempt citation.

**{¶ 2}** Appellant sets forth one assignment of error:

The trial court erred in finding the appellant guilty of direct, criminal contempt, and punishing him summarily.

## Background

**{¶ 3}** In September 2017, appellant was charged with a violation of R.C. 4511.202, failure to control. On September 27, 2017, appellant appeared in the Mahoning County Area Court No. 4, Austintown, Ohio, for arraignment on that charge.

**{¶ 4}** Appellant's case was called and the judge asked appellant, "did they tell you I have a dress code here?" Appellant replied, "[t]hey did when I got here, yes." At that point, the judge instructed appellant to have a seat in the jury box because "[w]e hold people in contempt for that." Appellant complied.

**{¶ 5}** The court again called appellant's case, and appellant pled not guilty to the traffic charge. The judge informed appellant he was being held in contempt for a dress code violation and "[y]ou can do three days in jail or five days of day report." The judge then ordered appellant to five days of "day report." The next day, appellant filed an appeal of the contempt finding in the Seventh District Court of Appeals, as well as an emergency motion to stay sentence pending appeal. On September 29, 2017, the Seventh District Court of Appeals granted appellant's motion to stay sentence pending appeal.

## Law

### Direct Criminal Contempt

**{¶ 6}** R.C. 2705.01 allows a court to "summarily punish a person guilty of misbehavior in the presence of or so near the court or judge as to obstruct the

2.

administration of justice." This is also known as direct contempt of court. *See State v. Local Union 5760, United Steelworkers of Am.,* 172 Ohio St. 75, 79, 173 N.E.2d 331 (1961). Contempt has been defined as "conduct which brings the administration of justice into disrespect, or which tends to embarrass, impede or obstruct a court in the performance of its functions." *Windham Bank v. Tomaszczyk*, 27 Ohio St.2d 55, 271 N.E.2d 815 (1971), paragraph one of the syllabus.

{¶ 7} Criminal contempt "is usually characterized by an unconditional prison sentence * * * [which] operates not as a remedy coercive in its nature but as punishment for the completed act of disobedience, and to vindicate the authority of the law and the court." *Brown v. Exec. 200, Inc.*, 64 Ohio St.2d 250, 253-54, 416 N.E.2d 610 (1980). The burden of proof in criminal contempt cases is proof beyond a reasonable doubt. *Id.* at syllabus.

{¶ 8} "[A]n appellate court reviewing a conviction for contempt may not assume, in the absence of record evidence to the contrary, that the action of the lower court was correct and lawful." *State v. Treon*, 188 N.E.2d 308 (8th Dist.1963). Thus, "[t]he guilt of a person accused of contempt must be shown affirmatively in the record before a reviewing court may affirm." *Id.*

{¶ 9} Two conditions must be met before a court may summarily punish a person for direct contempt. First, the trial court "must have personal knowledge of the disruptive conduct 'acquired by his own observation of the contemptuous conduct." *State v. Stegall*, 1st Dist. Hamilton Nos. C-110767, C-120112 and C-120113, 2012-Ohio-3792, ¶ 40, quoting *In re Oliver*, 333 U.S. 257, 275, 68 S.Ct. 499, 92 L.Ed. 682 (1948). Second, "the

3.

conduct must pose 'an open threat to the orderly procedure of the court and such a flagrant defiance of the person and presence of the judge before the public' that, if 'not instantly suppressed and punished, demoralization of the court's authority will follow.'" *Stegall* at ¶ 40, quoting *In re Oliver*.

{¶ 10} On appeal, contempt findings and sanctions should not be reversed unless the trial court abused its discretion. *State ex rel. Ventrone v. Birkel*, 65 Ohio St.2d 10, 11, 417 N.E.2d 1249 (1981). An abuse of discretion consists of more than an error of judgment, it connotes an attitude on the part of the trial court that is unreasonable, unconscionable, or arbitrary. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

### Analysis

{¶ 11} Appellant argues that under general law, a one-time dress code violation does not give rise to direct, criminal contempt deserving of a summary punishment. Appellant contends he came to court directly from an outdoor labor job, and dressed accordingly. Appellant maintains he had no special, prior order directing him to dress in any particular way for court, as he only had the traffic citation which contained no language about court attire. Appellant submits he engaged in no disagreement with the court, yet he was sentenced to jail.

{¶ 12} Appellee, state of Ohio, counters the trial court did not abuse its discretion in finding appellant in contempt of court as his attire was so lacking in decorum and dignity that it constituted a threat to the administration of justice. Appellee asserts the

4.

court had direct knowledge of appellant's attire, and appellant's conduct would demoralize the court's authority if the court did not instantly address his attire and punish appellant.

{¶ 13} Upon review, appellant was found by the judge to have violated the court's dress code and was held in contempt and was sentenced to jail. Since the alleged contemptuous conduct occurred in open court, it was of a direct nature. And, the finding of contempt was criminal, given that no purge conditions were offered for the jail sentence, and the court clearly sought to punish appellant.

{¶ 14} An examination of the record, including the transcript of the hearing, shows the record is devoid of any evidence suggesting what the court's dress code permitted or prohibited, as the court's dress code is not included in the record. In addition, there is no evidence regarding what garments appellant was wearing, or why or how these garments were in violation of the court's dress code. Without this evidence, it is impossible to ascertain whether appellant breached the court's dress code. Further, there is no evidence in the record that appellant or his apparel interrupted or disrupted the court's proceedings, or threatened the administration of justice. Therefore, we find the record does not support the contempt citation.

{¶ 15} As there is no proof in the record which affirmatively shows that appellant's manner of dress obstructed the administration of justice and required an immediate sanction to preserve the authority of the court, we find the trial court abused its discretion and erred in finding appellant in direct, criminal contempt for violating the

5.

court's dress code, and imposing a summary punishment.  Accordingly, appellant's assignment of error is found well-taken.

{¶ 16} The judgment of the trial court is reversed and the contempt citation is dismissed.  Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment reversed.

Arlene Singer, J.                              _____
                                                              JUDGE
Thomas J. Osowik, J.

Christine E. Mayle, P.J                        _____
CONCUR.                                                       JUDGE

                                               _____
                                                              JUDGE

Judges Arlene Singer, Thomas Osowik and Christine Mayle, Sixth District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.