[Cite as *State v. McClanahan*, 2024-Ohio-1288.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | | |
|---|---|---|---|
| STATE OF OHIO, | : | APPEAL NOS. | C-230234 |
| | | | C-230343 |
| Plaintiff-Appellee, | : | TRIAL NOS. | C-21TRD-10232A |
| | | | C-21TRD-10232B |
| vs. | | | C-21TRD-10232C |
| | : | | 23CRB-4099A |
| KRISTEN MCCLANAHAN, | | | 23CRB-4099B |
| | | | 23CRB-4099C |
| Defendant-Appellant. | : | | 23CRB-4099D |
| | | | 23CRB-4099E |
| | : | | |
| | | | |
| | : | *O P I N I O N.* | |

Criminal Appeals From: Hamilton County Municipal Court

Judgments Appealed From Are: AFFIRMED AND CAUSE REMANDED IN PART AND REVERSED AND APPELLANT DISCHARGED IN PART IN C-230343; APPEAL DISMISSED IN C-230234

Date of Judgment Entry on Appeal: April 5, 2024

*Melissa A. Powers*, Hamilton County Prosecuting Attorney, and *John Hill, Jr.,* Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Pinales Stachler Young & Burrell* and *Stephanie Kessler*, for Defendant-Appellant.

**BOCK, Presiding Judge.**

{¶1}   Defendant-appellant Kristen McClanahan appeals her five contempt convictions, arguing that the record reveals only one contemptuous act. We agree and hold that the trial court abused its discretion when it cited the same behavior to convict McClanahan of direct criminal contempt on multiple counts in the appeal numbered C-230343. We reverse her contempt convictions and discharge her in the cases numbered 23CRB-4099B, C, D, and E. We affirm her contempt conviction in the case numbered 23CRB-4099A and remand the case for correction of a clerical error stating that she was "convicted by plea." The appeal numbered C-230234 is dismissed.

## I. Facts and Procedure

{¶2}   At a 2022 hearing related to traffic violations, the trial court invited McClanahan, who was not represented by counsel, to sit at the defense table. McClanahan replied, "By what authority are you acting? No, I'm serious. By what authority are you acting? Because I've already (inaudible) a position and you did not comment." The following exchange occurred:

DEFENDANT:     I'm asking you a question.

COURT:     I'm asking the questions here. Do you want a trial

or do you want to plea [sic]?

DEFENDANT:     I don't recognize the authority of this court.

COURT:     I bet you don't.

DEFENDANT:     I --

COURT:     Do you want a trial?

DEFENDANT:     -- (inaudible) my court --

COURT:     I'm sure you do.

DEFENDANT:     -- which is higher than yours.

COURT:          Yes.

DEFENDANT:      Yes.

COURT:          Okay. Do you want a trial --

DEFENDANT:      (inaudible) --

COURT:          -- or do you want to plea [sic]?

DEFENDANT:      Is that you are in dishonor (inaudible)

COURT:          -- are you going to continue to disrupt me?

DEFENDANT:      -- you did not --

COURT:          You going to continue to disrupt me?

DEFENDANT:      -- your duties.

COURT:          Keep going and you're going to walk across the street for contempt.

DEFENDANT:      For contempt?

COURT:          Do you want a trial or plea? The case is going to get resolved today.

DEFENDANT:      Yes, it is.

COURT:          You can either sit down and have a trial or --

DEFENDANT:      (Inaudible) --

COURT:          --you can go think about it and you can come back here when you want to act like you got some sense.

DEFENDANT:      By what authority are you acting?

COURT:          All right. We'll try this again tomorrow.

**{¶3}** As McClanahan was being handcuffed, she remarked:

DEFENDANT: You're acting like executor (inaudible) because I am the executor not you.

COURT: Continue --

DEFENDANT: -- executor (inaudible) --

COURT: --bench trial at defendant's request.

DEFENDANT: Absolutely I do not recognize this court or accept your jurisdiction or your authority.

COURT: -- 3/14 at 9 a.m. No bond.

DEFENDANT: You have no jurisdiction or authority over me none --

COURT: No bond –

DEFENDANT: -- whatsoever. No consent (inaudible) -- I am only here because you held my mother -- quit touching me, dude. No consent. I do not consent.

**{¶4}** The trial court held McClanahan in direct contempt of court for her behavior, convicting her for five violations of R.C. 2705.01. For each contempt charge, the trial court found McClanahan guilty and sentenced her to one day in jail because she "refused to stop talking, talked over court, and court could not proceed without her being removed." According to the docket, McClanahan was "convicted by plea."

**{¶5}** McClanahan challenges her contempt convictions in the appeal numbered C-230343, raising two assignments of error. McClanahan also appealed her traffic convictions in the appeal numbered C-230234, but marshals no assignments of error challenging those convictions. So, we dismiss the appeal numbered C-230234.

## II. Law and Analysis

### *The record supports one conviction*

{¶6}   In her first assignment of error, McClanahan maintains that the record does not support five convictions for direct criminal contempt in violation of R.C. 2507.01 because her interruptions did not constitute five threats to the trial court's ability to administer justice.

{¶7}   The power to "punish contumacious conduct—to ensure the effective administration of justice, to secure the dignity of the court, and to affirm the supremacy of the law—is inherent in a trial court, as well as derived from statute." *State v. Lowe*, 1st Dist. Hamilton Nos. C-170494, C-170495, C-170498 and C-170505, 2018-Ohio-3916, ¶ 32, citing *Denovchek v. Bd. of Trumbull Cty. Commrs*., 36 Ohio St.3d 14, 15, 520 N.E.2d 1362 (1988). A trial court, in an exercise of its "sound discretion, ha[s] the power to determine the kind and character of conduct which constitutes direct contempt of court." *State v. Kilbane*, 61 Ohio St.2d 201, 400 N.E.2d 386 (1980), paragraph one of the syllabus.

{¶8}   We review McClanahan's contempt convictions for an abuse of discretion. *State v. Adams*, 2014-Ohio-2728, 14 N.E.3d 1071, ¶ 10 (1st Dist.), citing *Kilbane* at paragraph one of the syllabus. Accordingly, we must determine whether the trial court's actions were unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). A trial court abuses its discretion when it " ' exercis[es] its judgment, in an unwarranted way, in regard to a matter over which it has discretionary authority.' " *State v. Felson*, 1st Dist. Hamilton No. C-220559, 2023-Ohio-3071, ¶ 7, quoting *Johnson v. Abdullah*, 166 Ohio St.3d 427, 2021-Ohio-3304, 187 N.E.3d 463, ¶ 35.

**{¶9}** The parties agree that this case involves direct contempt, or contumacious conduct that occurs in the presence of the court. *See State v. Stegall*, 1st Dist. Hamilton Nos. C-110767, C-120112 and C-120113, 2012-Ohio-3792, ¶ 39. In direct-contempt cases, the trial court's intimate knowledge of the contemptuous acts permits the trial court to summarily punish the contemnor and depart from due process guarantees of notice, counsel, and a fair hearing. *In re Thomas,* 1st Dist. Hamilton No. C-030429, 2004-Ohio-373, ¶ 13. But that authority is not boundless. The statutory authority to summarily punish contemptuous behavior is predicated on misbehavior that "obstruct[s] the administration of justice." R.C. 2705.01.

**{¶10}** As we have explained, the act must pose an " 'imminent threat to the administration of justice that may result in demoralization of the court's authority unless the court imposes a summary contempt sanction ("imminent threat" element).' " *In re Chambers*, 2019-Ohio-3596, 142 N.E.3d 1243, ¶ 26 (1st Dist.), quoting Chinnock and Painter, *The Law of Contempt of Court in Ohio*, 34 U.Tol.L.Rev. 309, 321 (2003). It must "create[] 'an open threat to the orderly procedure of the court, necessitating the immediate suppression of the disruptive conduct.' " *State v. Felson*, 1st Dist. Hamilton No. C-000470, 2001 Ohio App. LEXIS 1378, 9-10 (Mar. 23, 2001), quoting *Cooke v. United States*, 267 U.S. 517, 536, 45 S.Ct. 390, 69 L.Ed. 767 (1925). But courts "must be careful to guard against confusing actions or words which are contemptuous to the judge's personal feelings or sensibilities and actions or words which constitute punishable, criminal contempt of a summary nature because of posing an actual or imminent threat to the administration of justice." *State v. Conliff*, 61 Ohio App.2d 185, 189, 401 N.E.2d 469 (10th Dist.1978).

**{¶11}** McClanahan does not deny that her behavior constitutes an act of contempt in violation of R.C. 2705.01. The issue is whether her behavior can be

6

reasonably construed as five acts of contempt. McClanahan says no, arguing that her behavior did not constitute five discrete threats to the trial court's administration of justice.

**{¶12}** In response, the state frames this as a double-jeopardy issue. "The Double Jeopardy Clauses of the United States and Ohio Constitutions prevent multiple punishments for the same offense." *State v. Jones*, 18 Ohio St.3d 116, 118, 480 N.E.2d 408 (1985). Specifically, "[n]o person shall be twice put in jeopardy for the same offense." Article I, Section 10 of the Ohio Constitution; *see* the Fifth Amendment to the U.S. Constitution. So "[w]hen the defendant's conduct constitutes a single offense, the defendant may be convicted and punished only for that offense." *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, ¶ 13. But as the state points out, "a defendant may be convicted of and punished for multiple offenses if the defendant's conduct results in" offenses "committed separately or with a separate animus as to each." R.C. 2941.25(B).

**{¶13}** The state argues that the trial court appropriately found that McClanahan "acted with separate animus as to each instance of contempt and that this thus constitutes multiple, separate instances of contempt." In support, the state relies on *State v. Margiotti*, 10th Dist. Franklin No. 19AP469, 2021-Ohio-1826. But the three contempt convictions were upheld in *Margiotti* because the defendant "harass[ed] the court's bailiff and disrupt[ed] the court's docket, directing racial epithets toward court personnel, and finally racial epithets to the judge." *Id.* at ¶ 16. The court concluded the "offenses were committed separately or with a separate animus as to each." *Id.* As the *Ruff* court explained, "[w]hen a defendant's conduct victimizes more than one person, the harm for each person is separate and distinct, and therefore, the defendant can be convicted of multiple counts." *Ruff* at ¶ 26.

7

**{¶14}** We hold that McClanahan's conduct justified only one contempt conviction. The five contempt complaints recounted the same behavior as the basis for her convictions—that McClanahan "refused to stop talking, talked over court, and court could not proceed without her being removed." We agree with the trial court that behavior like McClanahan's constitutes an impediment to the trial court's administration of justice. The trial court appropriately made one finding of contempt at the hearing. But it unreasonably and arbitrarily based all five contempt convictions on the same behavior. And like McClanahan, we cannot find five instances of her conduct posing an imminent threat to the administration of justice.

**{¶15}** Direct contempt cases in Ohio illustrate a trend of deriving a single contempt conviction "from the offender's disruptive act of persistently interrupting the court in disregard of the court's warning to stop." *City of Warren v. Satterlee*, 11th Dist. Trumbull No. 2005-T-0010, 2006-Ohio-1460, ¶ 20; s*ee Felson,* 1st Dist. Hamilton No. C-220559, 2023-Ohio-3071, at ¶ 13 ("Felson interrupted eight times before the trial court intervened"); *see also Stegall,* 1st Dist. Hamilton Nos. C-110767, C-120112 and C-120113, 2012-Ohio-3792, at ¶ 41 ("interrupted numerous times after several warnings"); *State v. Puleo,* 11th Dist. Lake No. 2021-L-131, 2022-Ohio-4040, ¶ 23 ("Given the several interruptions and repeated warnings, we cannot say that the trial court abused its discretion in finding Puleo guilty of contempt"); *State v. Hudson*, 7th Dist. Mahoning No. 10 MA 157, 2011-Ohio-6424, ¶ 40 (Defendant "apparently continued to talk in open court after the trial court asked him to stop."); *but see State v. Graham,* 4th Dist. Highland No. 13CA11, 2014-Ohio-3149, ¶ 27 (Affirming six contempt convictions where "Graham was told repeatedly by both the trial court as well as his own counsel to sit down and be quiet, but he kept continually interrupting the trial court while it was addressing him during sentencing, even when the judge

warned him about the increasing sanctions for his contemptuous conduct, which did not deter Graham from continuing to interrupt the judge.").

{¶16} In support of its separate-animus theory, the state cites McClanahan's resistance to her arrest. But McClanahan was not held in contempt for resisting arrest. Rather, she was held in contempt because she "refused to stop talking, talked over court, and court could not proceed without her being removed." Her conduct was directed towards the trial court with a singular animus.

{¶17} In sum, it was unreasonable for the trial court to construe McClanahan's imprudent behavior during her hearing as five acts of contempt in violation of R.C. 2705.01. This constitutes an abuse of discretion. Therefore, we sustain McClanahan's first assignment of error.

### *McClanahan was not "convicted by plea"*

{¶18} In her second assignment of error, McClanahan argues that the docket erroneously states that she was convicted by plea. She argues that this constitutes an abuse of discretion. The state agrees that she was not convicted by plea but characterizes the docket entry as a clerical error. We agree with the state.

{¶19} Under Crim.R. 36, "[c]lerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission, may be corrected by the court at any time." A clerical error is ' "a mistake or omission, mechanical in nature and apparent on the record, which does not involve a legal decision or judgment." ' " *State v. Miller*, 127 Ohio St.3d 407, 2010-Ohio-5705, 940 N.E.2d 924, ¶ 15, quoting *State ex rel. Cruzado v. Zaleski,* 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263, ¶ 19, quoting *State v. Brown*, 136 Ohio App.3d 816, 819, 737 N.E.2d 1057 (3d Dist.2000). The trial court "possess[es an] inherent authority to correct clerical errors in judgment entries so that the record speaks the truth." *Id.*

**{¶20}** The docket entries contain an obvious clerical error. The transcript and complaints unequivocally show that the trial court summarily found McClanahan in contempt. The docket entries, however, state that McClanahan pleaded guilty. Therefore, we sustain McClanahan's second assignment of error.

### III. <u>Conclusion</u>

**{¶21}** The trial court abused its discretion when it found that McClanahan had committed five separate contemptuous acts. We sustain McClanahan's first assignment of error, reverse four of her five contempt convictions, and discharge her on the counts in the cases numbered 23CRB-4099B, C, D, and E. The conviction in the case numbered 23CRB-4099A is affirmed. We sustain McClanahan's second assignment of error and remand this case for correction of the docket under Crim.R. 36. The appeal numbered C-230243 is dismissed.

Judgment accordingly.

**BERGERON** and **CROUSE, JJ.,** concur.

Please note:

The court has recorded its entry on the date of the release of this opinion.