CATHOLIC SOCIAL SERVICES OF CUYAHOGA COUNTY

v.

HOWARD et al.; In re Alleged Contempt by Slodov, Appellant.

[Cite as *Catholic Social Serv. of Cuyahoga Cty.*
*v. Howard* (1995), 106 Ohio App.3d 615.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 68090.

Decided Oct. 10, 1995.

616

*Michael D. Slodov, pro se.*

*Bryan L. Adamson* and *Kevin Francis O'Neill,* urging reversal for *amicus curiae* American Civil Liberties Union of Ohio Foundation, Inc.

LEO M. SPELLACY, Presiding Judge.

Defendant-appellant Michael D. Slodov appeals the finding of the trial court that appellant was in contempt.

Appellant assigns the following errors upon appeal:

"I.   The trial court erred in finding appellant Michael D. Slodov in contempt of court.

"II.   Appellant was denied due process of law in that he received no notice of the court's prior direction, no notice of violation, and no hearing prior to being found in contempt.

"III.   The trial court abused its discretion in imposing sentence upon appellant Michael D. Slodov of thirty days in jail and a fine of two hundred and fifty dollars ($250.00).

"IV.   The trial court prejudicially erred in denying appellant's motion to recuse."

As the first assignment of error is found to have merit, the judgment of the trial court is reversed.

## I

Appellant appeared before the juvenile court representing his client in a matter.   Apparently, the trial court ordered appellant not to appear before it or to be present near the courtroom.   When appellant was seen in a hallway near the courtroom, he was held in contempt.   The trial court issued the following journal entry:

"The court finds that attorney Michael D. Slodov has previously been directed by the court not to be in or around this courtroom of the court building and that he must refrain from harassing, intimidating and further annoying the staff of this court.   The court further finds that on this date, the said attorney Slodov was present in the courtroom area in direct disobedience of the court's prior instruction.   The court further finds that the said attorney Slodov's presence was

misbehavior in the presence of the judge so as to obstruct the administration of justice.

"The court therefore finds attorney Michael D. Slodov in summary contempt of court pursuant to Section 2705.01 of the Ohio Revised Code.

"It is ordered that said attorney Slodov is to be taken into custody forthwith and is to be imprisoned in the Cuyahoga County Jail for a period of thirty (30) days. The court further orders that said attorney Slodov is to pay a fine of two hundred and fifty ($250.00) dollars."

Appellant appeals from this journal entry.

## II

In his first assignment of error, appellant contends the trial court erred in finding him in contempt. Some of appellant's arguments refer to matters outside the record before this court and will not be addressed. Appellant argues that the trial court could not lawfully prohibit his presence in the area near the courtroom or in the courtroom itself.

The trial court held appellant in contempt pursuant to R.C. 2705.01, which provides:

"A court, or judge at chambers, may summarily punish a person guilty of misbehavior in the presence of or so near the court or judge as to obstruct the administration of justice."

In *Windham Bank v. Tomaszczyk* (1971), 27 Ohio St.2d 55, 56 O.O.2d 31, 271 N.E.2d 815, the court held at paragraphs one and two of the syllabus:

"1. Contempt of court is defined as disobedience of an order of a court. It is conduct which brings the administration of justice into disrespect, or which tends to embarrass, impede or obstruct a court in the performance of its functions.

"2. The purpose of contempt proceedings is to secure the dignity of the courts and the uninterrupted and unimpeded administration of justice."

R.C. 2705.01 governs direct contempt, which has been defined as misbehavior "committed in the presence of or so near the court as to obstruct the due and orderly administration of justice, and punishment therefor may be imposed summarily without the filing of charges or the issuance of process." *In re Lands* (1946), 146 Ohio St. 589, 595, 33 O.O. 80, 83, 67 N.E.2d 433, 437. Direct contempt usually takes place within the courtroom itself but may also encompass challenges against the court's authority occurring so near the court as to obstruct the administration of justice. *In re Purola* (1991), 73 Ohio App.3d 306, 310, 596 N.E.2d 1140, 1142–1143.

Contempt is either civil or criminal in nature. Civil contempt seeks to coerce compliance, while criminal contempt's purpose is to punish. Both the character and purpose of the finding of contempt must be examined in determining whether the contempt was civil or criminal. Criminal contempt is usually characterized by an unconditional prison sentence or fine. *Denovchek v. Trumbull Cty. Bd. of Commrs.* (1988), 36 Ohio St.3d 14, 520 N.E.2d 1362. It is designed to vindicate the authority of the court. *State v. Kilbane* (1980), 61 Ohio St.2d 201, 205, 15 O.O.3d 221, 223–224, 400 N.E.2d 386, 390.

In the instant case, the trial court found appellant to be in violation of its previous order that appellant not be in or near the courtroom. The purpose of the sanction was to punish appellant for his transgression. He was unconditionally sentenced to thirty days in jail and fined $250. Therefore, this was direct criminal contempt.

The trial court found appellant's behavior to be in violation of its previous direction that he not be near or in the courtroom and that appellant's presence obstructed the administration of justice. The trial court did not indicate how appellant obstructed the administration of justice. Direct contempt usually requires conduct which poses an imminent threat to the administration of justice. See *State v. Conliff* (1978), 61 Ohio App.2d 185, 15 O.O.3d 309, 401 N.E.2d 469. The mere presence of a person does not constitute an apparent intention to disrupt the administration of justice. There is no evidence of conduct by appellant which impeded or interrupted any proceedings in the trial court's courtroom or anywhere in the vicinity of the courtroom.

The determination of contempt is within the trial court's discretion. However, evidence of guilt beyond a reasonable doubt must be shown on the record and the offending conduct must constitute an imminent threat to the administration of justice. *Cleveland v. Heben* (1991), 74 Ohio App.3d 568, 599 N.E.2d 766.

There is no evidence that appellant engaged in conduct which obstructed the administration of justice. The trial court abused its discretion in holding appellant in contempt.

Further, the trial court's order prevents appellant from appearing in its courtroom. Such an order in effect restricts appellant from practicing law before the trial judge. In *State ex rel. Jones v. Stokes* (1989), 49 Ohio App.3d 136, 551 N.E.2d 220, this court granted a writ of prohibition when two trial judges sent a letter to the Legal Aid Society ordering the director not to assign a certain attorney to their courtrooms. When the attorney appeared, the trial court issued an order to show cause why the director should not be held in contempt. This court stated:

"Certainly, this broad sanction goes beyond disqualification or mere regulation of the conduct of counsel in a particular proceeding. Respondents have imposed a continuing restriction on Reisman's ability to practice law in their two courtrooms. This restriction differs only by degree from the sanctions imposed through the grievance procedures which are supervised by the Supreme Court of Ohio. Yet, the Supreme Court's 'jurisdiction over the discipline of attorneys * * * is exclusive and absolute.' *Smith v. Kates* (1976), 46 Ohio St.2d 263, 266, 75 O.O.2d 318, 320, 348 N.E.2d 320, 322. As a consequence, the conduct of respondents which gave rise to this action in prohibition is the type of usurpation of jurisdiction by an inferior court which necessitates relief in prohibition." *Id.* 138–139, 551 N.E.2d at 223.

Similarly, in *Melling v. Stralka* (1984), 12 Ohio St.3d 105, 12 OBR 149, 465 N.E.2d 857, the court found an order prohibiting city solicitors, law directors, municipal and county prosecutors from representing defendants in criminal matters before a municipal court to intrude on the exclusive authority of the Supreme Court to govern the practice of law in this state.

The order in the instant case bars appellant from practicing law before the trial court. Appellant was not disqualified from a specific case but from all future proceedings. Cf. *Maple Hts. v. Redi Car Wash* (1988), 51 Ohio App.3d 60, 554 N.E.2d 929. Such an order is beyond the trial court's jurisdiction as it conflicts with the exclusive power of the Supreme Court of Ohio to govern the practice of law. Appellant's first assignment of error is well taken.

### III

Because of the disposition of the first assignment of error, appellant's remaining assignments of error are moot.

The judgment of contempt is reversed.

*Judgment reversed.*

JAMES D. SWEENEY and McMANAMON, JJ., concur.

ANN McMANAMON, J., retired, of the Eighth Appellate District, sitting by assignment.