OPINION
On May 29, 1990, appellant, Diane Fitz, and appellee, Gene Fitz, were married. Two children were born as issue of said marriage, Dawn born April 9, 1992 and Raymond born April 29, 1994.
On January 25, 1995, appellant filed a complaint for divorce. By judgment entry filed December 14, 1995, the trial court granted the divorce and adopted the parties' separation agreement and shared parenting plan filed same date.
On September 17, 1996, appellee filed a motion for contempt against appellant claiming appellant had violated the shared parenting plan. On October 21, 1996, appellant filed a motion for contempt against appellee and filed a motion for reallocation of parental rights. A hearing was held on June 17, 1997. By judgment entry filed June 18, 1997, the trial court granted appellee's motion for contempt and sentenced appellant to thirty days in jail and imposed a $1,000 fine, denied appellant's motion for contempt, terminated the shared parenting plan and awarded custody of the children to appellee. Findings of fact and conclusions of law were filed on August 13, 1997.
Appellant filed a notice of appeal and this matter is now before this court for consideration. Assignments of error are as follows:
I
 THE COURT ERRED IN FINDING APPELLANT GUILTY OF WILLFUL CONTEMPT ON THE FILED CHARGE BECAUSE THERE WAS ABSOLUTELY NO EVIDENCE PRESENTED TO SUPPORT THAT FINDING.
II
 THE COURT ERRED IN FINDING APPELLANT GUILTY OF CONTEMPT ON ISSUES FOR WHICH A CONTEMPT CHARGE WAS NOT FILED.
III
 THE COURT ERRED IN ORDERING APPELLANT TO PAY A FINE OF ONE THOUSAND DOLLARS AND SENTENCING HER TO JAIL FOR THIRTY DAYS AS PUNISHMENT FOR CONTEMPT.
IV
 THE COURT ERRED IN TERMINATING THE SHARED PARENTING PLAN AND ORDERING A CHANGE OF CUSTODY OF THE CHILDREN.
V
 THE COURT ERRED IN FAILING TO ORDER COMPANIONSHIP RIGHTS FOR THE APPELLANT AND IN FAILING TO HOLD A HEARING ON CHILD SUPPORT.
 I, II, III
Appellant's first three assignments of error challenge the trial court's finding of contempt. Specifically, appellant argues the contempt finding was not supported by the manifest weight of the evidence and was based upon facts not charged in the contempt affidavit, and the $1,000 fine was unlawful. We agree.
A judgment supported by some competent, credible evidence will not be reversed by a reviewing court as against the manifest weight of the evidence. C.E. Morris Co. v. Foley Construction Co.
(1978), 54 Ohio St.2d 279. A reviewing court must not substitute its judgment for that of the trial court where there exists some competent and credible evidence supporting the judgment rendered by the trial court. Myers v. Garcon (1993), 66 Ohio St.3d 610.
The September 17, 1996 affidavit for willful contempt claimed appellant had failed "to comply with the Court's Shared Parenting Plan dated December 14, 1996 in which the Defendant, GENE R. FITZ, was to have the parties minor children from July 14, 1996 for six (6) months." The shared parenting plan provided in pertinent part as follows:
 When the Mother moves to Louisville the week to week placement schedule shall change as follows: The children shall be place (sic) with the Mother from January 14, each year to July 14, each year. During said period, the Father shall be entitled to have the children every other weekend from Friday at 5:00 p.m. to Sunday at 5:00 p.m. The Father shall also be entitled to a mid week visit from 5:00 p.m. to 7:00 a.m. the next day. All pick-up and deliveries shall continue to remain at Linda Hillman's home or another agreed upon caretaker's locality. Beginning July 14, each year at 5:00 p.m. to January 14, the next year at 5:00 p.m. the children shall be placed with the Father and the Mother shall be entitled to the same every other weekend and mid week visit as set forth above when references were made to the Father. The Mother shall likewise be responsible for making sure pick-up and deliveries of the children will be at Linda Hillman's home or another agreed upon caretaker's locality.
By finding of fact nos. 4 and 5 filed August 13, 1997, the trial court found the parties had voluntarily modified this agreement:
 4. The parties, on their own agreement, modified the dates as to when the children change residences and have used alternate week placement extensively during 1996.
 5. The defendant kept the children beyond the July 14, 1996 date agreed upon for exchange because the plaintiff was recovering from surgery and the alternate week schedule resumed after the plaintiff's recovery.
The record substantiates these findings. T. at 53-55, 79, 80, 86-88. Appellee did not object to this modification until the contempt motion was filed on September 17, 1996. By finding of fact nos. 6, 7 and 8, the trial court found appellant had violated the shared parenting plan as follows:
 6. The plaintiff did write and send letters to defendant in which she unilaterally terminated the shared parenting plan.
 7. The plaintiff did change the children's primary care physician without discussing the change and reaching agreement with the defendant.
 8. The plaintiff did attempt to discharge the childcare provider, Ms. Linda Hillman. The childcare provider testified that she ignored plaintiff's attempt based on previous experience with plaintiff.
Appellant admitted these facts during cross-examination. T. at 41-46. In conclusion of law no. 2, the trial court found appellant guilty of contempt "based upon her attempt to terminate the shared parenting plan and her acts in violation of the provisions of the plan." The trial court did not find appellant guilty of contempt on the facts charged in the affidavit. In fact, the trial court specifically found the parties voluntarily modified the residential placement order and the shared parenting plan was not breached in that regard.
Appellee strenuously argues appellant's unilateral termination of the shared parenting plan via letter dated March 5, 1997 (Defendant's Exhibit 3) proves the contempt charges against appellant. We note the March 5, 1997 letter from appellant was sent after the contempt motion was filed (September 17, 1996) but prior to the final hearing (June 17, 1997). Appellee made no motion to amend the contempt motion and affidavit even though during the March 27, 1997 pretrial, appellee's counsel had made a brief reference to supplementing the motion. T. at 26. During the trial, appellant's counsel objected to any testimony on facts occurring after the filing of the contempt motion. T. at 41. The trial court overruled the objection and noted a continuing objection. T. at 41-42.
The trial court found appellant guilty of contempt and sentenced appellant to thirty days in jail and imposed a $1,000 fine. A review of the character and purpose of this contempt finding demonstrates the contempt was criminal in nature as criminal contempt "is usually characterized by an unconditional prison sentence or fine." Catholic Social Services of CuyahogaCounty v. Howard, et al. (1995), 106 Ohio App.3d 615, 619. "The most important consequence arising from the classification of contempt as criminal rather than civil is that many of the significant constitutional safeguards required in criminal trials are also required in criminal contempt proceedings." Molster,Inc. v. United Automobile, Aerospace Agricultural ImplementWorkers of America, Local 1862, et al. (1993), 91 Ohio App.3d 840,842. An alleged contemnor is entitled to notice of the charges. R.C. 2705.03. "Notice, to comply with due process requirements, must set forth the alleged misconduct with particularity." Id. at 843.
The trial court sub judice found the particulars of the contempt affidavit were not true therefore, the trial court erred in finding appellant guilty of contempt. The sentence is vacated and dismissed. As a side note, the $1,000 fine for a first offense was contrary to law. R.C. 2705.05(A)(1).
Assignments of Error I, II and III are granted.
 IV, V
Appellant claims the trial court erred in terminating the shared parenting plan and awarding custody of the children to appellee without a hearing. We agree.
At the conclusion of the contempt hearing, the trial court stated as follows:
 JUDGE: Alright. Anything further? . . . Okay. Well, the Court has considered, uh, all the evidence in this case including what's been presented here as well as the entire record. And, uh, uh, first of all I really have no jurisdiction to entertain the Ten Twenty-One motion, however, the Court has on-going jurisdiction to make orders concerning the best interest of these children. And so the Court has considered the merits, uh, in this way. Uh, and that is I am considering the Guardian Ad Litem's report and I am adopting, uh, paragraph recommendation number four from this point forward and so that any prior orders that are inconsistent with that are effectively changed starting today.
T. at 132.
Paragraph recommendation number four of the guardian ad litem's report states "[i]f the Court, after hearing the testimony and the evidence, feels that the current shared parenting plan is not in the children's best interest, then I would have to recommend that Gene [appellant] be designated the residential parent."
We concur with the trial court's analysis it did not have jurisdiction to entertain the October 21, 1996 motion. Said motion for reallocation of parental rights was filed by appellant based upon her claim the shared parenting plan was not working (from the docket of this case, we find this claim to be an understatement). Appellant had also moved for contempt against appellee. By judgment entry filed November 1, 1996, the trial court consolidated the contempt hearings and the custody motion hearing. A pretrial was held on March 27, 1997 wherein a trial date was set for June 17, 1997. On the record, the trial court stated on said date "the Court's gonna resolve everything that's pending" including the contempt motions and the motion for reallocation of parental rights. T. at 23. The trial was held and the trial court heard evidence on the contempt motion.
R.C. 3109.27 requires an affidavit in a parenting proceeding, either in the first pleading or attached to the pleading. The original complaint for divorce contained a UCCJA affidavit but the October 21, 1996 custody motion did not. In addition, pursuant to R.C. 3109.04(E)(1)(a), a trial court "shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds that a change has occurred in the circumstances of the child, his residential parent, or either of the parents subject to a shared parenting decree, and that modification is necessary to serve the best interest of the child." The trial court shall retain the residential parent designation of the prior decree unless a modification is in the best interest of the child and one of the following applies [R.C.3109.04(E)(1)(a)(i), (ii) and (iii)]:
 (i) The residential parent agrees to a change in the residential parent or both parents under a shared parenting decree agree to a change in the designation of residential parent.
 (ii) The child, with the consent of the residential parent or of both parents under a shared parenting decree, has been integrated into the family of the person seeking to become the residential parent.
 (iii) The harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment to the child.
The best interest determination involves the consideration of numerous factors [R.C. 3109.04(F)(1)(a)-(j)]. Not only is the record devoid of the UCCJA affidavit, but the trial court's order does not include any discussion of the R.C. 3109.04 mandates.
In its judgment entry filed June 17, 1997, the trial court acknowledged the lack of the UCCJA affidavit but terminated the shared parenting plan anyway.[1] In conclusion of law no. 4 filed August 13, 1997, the trial court concluded as follows:
 4. The best interests of the two children will be served by continuing the shared parenting plan as established in December 1995. Any modification or change from this plan may be heard upon motion to the Court accompanied by a properly filed affidavit in compliance with the Uniform Child Custody Jurisdiction Act.
Despite this obvious contradiction, we find the August 13, 1997 order to be controlling and the shared parenting plan to be still in effect. The trial court did not reallocate the parental rights and responsibilities of the parties therefore, appellant's arguments are moot.
The judgment of the Court of Common Pleas of Stark County, Ohio, Family Court Division is hereby reversed.
By Farmer, P.J., Wise, J., and Hoffman, Sr., V.J. concur.
[1] Appellee filed a UCCJA affidavit and motion for change of parental rights and responsibilities on June 20, 1997.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio, Family Court Division is reversed. Appellant's sentence for contempt is vacated and dismissed and the shared parenting plan is still in effect.