[Cite as *State v. Hammock*, 2021-Ohio-3574.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-200368 |
| | | TRIAL NO. 20CRB-17722 |
| Plaintiff-Appellee, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| ELENA HAMMOCK, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Municipal Court

Judgment Appealed From Is: Affirmed in Part and Vacated in Part

Date of Judgment Entry on Appeal: October 6, 2021

*Andrew Garth*, Interim City Solicitor, *William T. Horsley*, Chief Prosecuting Attorney, and *Ashton Tucker*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Law Office of Angela Glaser* and *Angela Glaser*, for Defendant-Appellant.

**MYERS, Judge.**

{¶1}    Defendant-appellant Elena Hammock appeals the trial court's judgment finding her in contempt of court for recording courtroom proceedings on her cellphone, sentencing her to ten days in jail, and ordering that her cellphone be confiscated and destroyed.

{¶2}    In two assignments of error, Hammock argues that the trial court abused its discretion both in finding that Hammock's conduct obstructed the administration of justice under R.C. 2705.01 and in ordering the destruction of her cellphone.   We find no abuse of discretion in the trial court's determination that Hammock's conduct obstructed the administration of justice and that she was in contempt of court.   But we hold that the court abused its discretion in ordering that Hammock's cellphone be destroyed, as that punishment was not commensurate with the gravity of the offense, and we vacate that portion of the sentence imposed on Hammock.   The judgment of the trial court is otherwise affirmed.

### *Contemptuous Conduct*

{¶3}    Hammock was cited by the city of Norwood for failing to remove all scrap items, litter, trash, junk, debris, garbage and other unsightly and/or unsanitary items from her property in violation of Norwood Codified Ordinance 1747.14, a misdemeanor of the fourth degree.   She filed a motion to dismiss her citation, and her case was transferred to the Hamilton County Municipal Court.

{¶4}    During a hearing on the motion to dismiss, the trial court interrupted Hammock's argument after noticing a cellphone in her hand.   The following discussion took place between the court and Hammock:

The Court:  Ms. Hammock, stop a second.  Do you have your phone in your hand?  Is that on?

The Defendant:  Yes.  No, the phone is not on.

The Court:  Well, you're not allowed to have it in here.  Let's see it. Why is it facing me?  Give it to my bailiff right now, Ms. Hammock.

The Defendant:  I cannot give to the bailiff my phone.

The Court:  Is it recording?

The Bailiff:  Yeah.

The Court:  Okay.  You're in contempt, Ms. Hammock.  Why are you recording this?

The Defendant:  Because I need records.

The Court:  Okay.

The Defendant:  I've been—

The Court:  Well, you're in contempt for violating the courthouse rule here.

The Defendant:  I can make my record, sir.

The Court:  No, you can't.  You need—we have a court reporter here. That's what's making the record.

The Defendant:  Well—

The Court:  Ma'am, you're in contempt.  I'll deal with that in a second. You had a motion to dismiss.  Talk about that, okay.  Is there anything else you want to tell me?

{¶5}    After denying Hammock's motion to dismiss, the court reiterated that Hammock was in contempt for recording video in the courtroom.  It ordered that

Hammock's cellphone be confiscated and destroyed and sentenced her to ten days in jail. The court issued an entry journalizing its finding that Hammock was in contempt of court in violation of R.C. 2705.01. The entry stated that Hammock had "been found guilty of the following act of misbehavior in the presence of the court, namely that defendant had phone on and [was] recording video facing the court. The Bailiff took phone and handed to court and it was recording. Defendant said it was not recording. Defendant in violation of local court rule, creating a disturbance in the courtroom of [judge's name]."

*Direct Criminal Contempt of Court*

*A. Finding of Contempt*

{¶6} In her first assignment of error, Hammock challenges the trial court's finding that she was in contempt of court, arguing that the trial court abused its discretion in finding that her conduct obstructed the administration of justice under R.C. 2705.01.

{¶7} We review a trial court's finding of contempt for an abuse of discretion. *State v. Kilbane*, 61 Ohio St.2d 201, 400 N.E.2d 386 (1980), paragraph one of the syllabus; *State v. Adams*, 2014-Ohio-2728, 14 N.E.3d 1071, ¶ 11 (1st Dist.). An abuse of discretion connotes an "unreasonable, arbitrary, or unconscionable" decision. *Cornell v. Shain*, 1st Dist. Hamilton No. C-190722, 2021-Ohio-2094, ¶ 36, quoting *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶8} Contempt of court involves " 'conduct which brings the administration of justice into disrespect' and 'which tends to * * * obstruct a court in the performance of its functions.' " *State v. Lowe*, 1st Dist. Hamilton Nos. C-170494, C-

4

170495, C-170498 and C-170505, 2018-Ohio-3916, ¶ 32, quoting *Denovchek v. Bd. of Trumbull Cty. Commrs.*, 36 Ohio St.3d 14, 15, 520 N.E.2d 1362 (1988). Contempt proceedings can be criminal or civil, but here the proceedings were unquestionably criminal in nature because Hammock was sentenced to a period of incarceration as punishment for her conduct. *In re Chambers*, 2019-Ohio-3596, 142 N.E.3d 1243, ¶ 24 (1st Dist.). "When the accused is punished for criminal contempt, the accused is entitled to due process similar to that afforded a defendant in a criminal action." *Id.*

{¶9} Criminal contempt can be classified as either "direct" or "indirect." *Id.* at ¶ 25. Direct contempt occurs in the presence of the court, whereas indirect contempt does not. *Id.* Under certain circumstances, a trial court may find and punish direct contempt summarily. *Id.* at ¶ 26; R.C. 2705.01 ("[a] court, or judge at chambers, may summarily punish a person guilty of misbehavior in the presence of or so near the court or judge as to obstruct the administration of justice."). A summary finding and punishment of contempt are permissible where the contumacious act was committed in open court in the judge's presence and where it posed "an imminent threat to the administration of justice that may result in demoralization of the court's authority unless the court imposes a summary contempt sanction." *Id.*, citing Chinnock and Painter, *The Law of Contempt of Court in Ohio*, 34 U.Tol.L.Rev. 309, 321 (2003).

{¶10} The trial court found Hammock guilty of direct contempt of court in violation of R.C. 2705.01 because her behavior occurred in the presence of the court. It summarily imposed punishment without further hearing.

{¶11} The trial court found that Hammock's conduct of recording the courtroom proceedings on her cellphone created a disturbance in the courtroom and

was in violation of the local court rule prohibiting such conduct. While the dissent contends that the trial court made no finding that Hammock's conduct "created a disturbance" in the courtroom, and that the majority relies on facts outside the record in so concluding, we respectfully disagree. As set forth above, the entry issued by the trial court specifically found that Hammock's act of recording the courtroom proceedings violated a local rule and created a disturbance in the courtroom. Whether the language that Hammock "created a disturbance" is contained on a preprinted form or handwritten by the court, it is nonetheless a finding made by the court.

{¶12} Although the trial court did not reference the specific rule that Hammock had violated, the parties agree that the court was referring to Loc.R. 33 of the Hamilton County Court of Common Pleas, Hamilton County Courthouse Security ("Loc.R. 33"). This local rule, which parties are required to know and comply with, deals with various security issues such as courthouse screening, prohibition of guns, and restrictions on electronic devices. Loc.R. 33 sets forth specific rules with regard to cellphones.[1] It provides in relevant part:

> c. Electronic devices may only be used in courtrooms, jury rooms, and
> judge's chambers when expressly allowed by the judge presiding in
> those areas, or in accordance with the procedures set forth in Local
> Rule 30 (Media Coverage of Court Proceedings). Unless otherwise
> permitted by this Rule or Local Rule 30, all electronic devices shall be
> turned off and put away.

---

[1] Loc.R. 33 has been specifically adopted by the municipal court. *See* Loc.R. 4 of the Hamilton County Municipal Court, Court Security Plan.

d. Except when expressly permitted by a Hamilton County Judge under this Rule, or Local Rule 30, electronic devices shall not be used within any area of the Courthouse, including designated areas, to:

1) Take or record a photograph, video, or other visual image, or;

2) Record, transmit, or receive audio or sound.

e. Any person who violates this Rule may be subject to sanctions for contempt under R.C. Chapter 2705, may be ejected from any area or the Courthouse, and any electronic device operated in violation of this Rule may be confiscated by court staff or court security officers. In no event shall the Court, any court employee, or court security officer be liable for damages to any device confiscated or held in accordance with this Rule.

Loc.R. 33(C)(5)(c)-(e).

{¶13} Hammock does not contest the trial court's determination that she violated Loc.R. 33 in the court's presence, but specifically challenges the court's determination that her conduct posed an imminent threat to or obstructed the administration of justice. Following our review of the record, we find no abuse of discretion in the trial court's summary finding and punishment of contempt, including its implicit determination that Hammock's conduct posed an imminent threat to the administration of justice.

{¶14} Hammock clearly violated Loc.R. 33 by videotaping the courtroom proceedings in the trial court's presence. When questioned by the trial court about her behavior, she initially denied that her phone was on. The trial court was only able to discern that the proceedings were being recorded after the bailiff took the

7

phone from Hammock. Hammock's behavior disrupted the courtroom proceedings. The trial court had to stop the court's proceedings and take time to investigate Hammock's actions to determine whether she was, in fact, recording the proceedings. Under these circumstances, it was necessary for the trial court to summarily punish Hammock for her contumacious behavior to gain control of the courtroom and enforce the court's established rules prohibiting recording. Had the trial court not seized Hammock's cellphone and imposed immediate punishment, Hammock could have erased, or worse, disseminated, the content of her recording. Others were present in the courtroom during the disruption created by Hammock, and the imposition of summary punishment was necessary for the trial court to convey how serious Hammock's recording of courtroom proceedings was. A summary finding of contempt and imposition of punishment was also necessary to maintain control of future courtroom proceedings. The trial court cannot stop proceedings anytime a litigant produces a cellphone in the courtroom, and the court's actions set a precedent that such behavior will not be tolerated.

{¶15} The disruption created by Hammock's behavior is similar to that committed in other cases in which this court has upheld a summary finding and punishment of contempt. In *Lowe*, the defendant made disparaging remarks about an officer during trial, and the court warned the defendant against repeating his comments, stating that such comments and threats would not be tolerated. *Lowe*, 1st Dist. Hamilton Nos. C-170494, C-170495, C-170498 and C-170505, 2018-Ohio-3916, at ¶ 27. During sentencing, subsequent to the warning previously given by the court, the defendant called the officer a bitch, and then after the court stated that Lowe was in contempt, he told the court "fuck you" and referred to the court as a

bitch as well. *Id.* at ¶ 29. This court upheld the trial court's summary finding and punishment of contempt, stating that Lowe's profanity-laced tirade, which occurred during the imposition of sentence, disrupted the proceedings, necessitated that the court take a recess, and obstructed the administration of justice. *Id.* at ¶ 35.

{¶16} Similarly, in *State v. Stegall*, 1st Dist. Hamilton Nos. C-110767, C-120112 and C-120113, 2012-Ohio-3792, this court upheld a summary finding and punishment of contempt where the defendant walked out of the courtroom while the trial court was explaining its guilty verdict and had to be brought back into the courtroom by the bailiff. *Id.* at ¶ 4. We explained that the defendant's contumacious behavior "required immediate punishment to vindicate the court's authority." *Id.* at ¶ 41.

{¶17} Finding no abuse of discretion in the trial court's determination that Hammock's conduct obstructed the administration of justice, we overrule the first assignment of error.

### B. Punishment for Contempt

{¶18} In her second assignment of error, Hammock argues that the trial court abused its discretion in ordering the destruction of her cell phone for her first offense.

{¶19} In support of her argument, Hammock cites to R.C. 2705.05, which sets forth the punishment that may be imposed for first time offenders found guilty of indirect contempt as a fine of not more than $250 and/or a maximum of 30 days in jail. However, as Hammock acknowledges, this court has recognized that "R.C. 2705.05 does not apply to limit the punishment that a court may impose for direct contempt." *Lowe*, 1st Dist. Hamilton Nos. C-170494, C-170495, C-170498 and C-

9

170505, 2018-Ohio-3916, at ¶ 36. We review the trial court's imposition of punishment for contempt for an abuse of discretion. *Id.* The punishment imposed should be "reasonably commensurate with the gravity of the offense." *Id.* at ¶ 37; *Kilbane*, 61 Ohio St.2d 201, 400 N.E.2d 386, at paragraph one of the syllabus.

{¶20} Under the circumstances of this case, we cannot find that the trial court's order that Hammock's cellphone be confiscated and destroyed met this standard. Loc.R. 33(C)(5)(e) addresses the punishment that may be imposed for a violation of the local rule, providing that "Any person who violates this Rule may be subject to sanctions for contempt under R.C. Chapter 2705, may be ejected from any area or the Courthouse, and any electronic device operated in violation of this Rule may be confiscated by court staff or court security officers." The trial court's order exceeded the punishment contemplated by the local rule. It would have been reasonable for the court to confiscate Hammock's cellphone and delete the video that she had recorded. It would also have been reasonable for the court to retain Hammock's device until the proceedings were concluded. But the ordered destruction of Hammock's cellphone, resulting in the loss of an expensive device potentially containing personal information, was not commensurate with the gravity of the offense that Hammock committed in recording the courtroom proceedings.

{¶21} We therefore find that the trial court abused its discretion in ordering that Hammock's cellphone be destroyed. The second assignment of error is sustained.

### *Conclusion*

{¶22} Because the trial court abused its discretion in ordering that Hammock's cellphone be destroyed as punishment for finding her in direct criminal

10

contempt of court, we vacate that portion of the punishment imposed. The judgment of the trial court is otherwise affirmed.

Judgment affirmed in part and vacated in part.

WINKLER, J., concurs.
ZAYAS, P.J., dissents.

ZAYAS, P.J., dissenting.

{¶23} Although I agree that Hammock's conduct could support a finding of direct contempt, based on this record, the misbehavior did not constitute an imminent threat to the administration of justice as required to support a summary punishment. Therefore, I respectfully dissent.

{¶24} A direct contempt may be summarily punished when the misbehavior "poses an imminent threat to the administration of justice." *Catholic Social Servs. v. Howard*, 106 Ohio App.3d 615, 619, 666 N.E.2d 658 (1995). A summary sanction is justified because "unless such an open threat to the orderly procedure of the court is not instantly suppressed and punished, demoralization of the court's authority may follow." *State v. Conliff*, 61 Ohio App.2d 185, 188, 401 N.E.2d 469 (10th Dist.1978).

{¶25} In a summary proceeding, the court is not required to accord the person the usual due-process protections, such as notice of the charge, the taking of evidence, and the right to counsel. *See Cleveland v. Bright*, 2020-Ohio-5180, 162 N.E.3d 153, ¶ 27 (8th Dist.). Absent conduct that "create[s] a 'need for speed' to immediately suppress the court-disrupting misbehavior and restore order to the proceedings," an evidentiary hearing is required even when the act constitutes a direct contempt. *In re Lodico*, 5th Dist. Stark No. 2003-CA-00446, 2005-Ohio-172, ¶ 44. As the Ohio Supreme Court explained, "The invocation of the court's summary

power for direct contempt is an awesome power that the court must be cautious in using [that] should be restricted to activity that threatens the integrity or the very functioning of the judicial process." *Cincinnati v. Cincinnati Dist. Council 51, Am. Fedn. of State, Cty. and Mun. Emps., AFL-CIO*, 35 Ohio St.2d 197, 213, 299 N.E.2d 686 (1973).

{¶26} To justify a summary sanction, two elements must be proven by proof beyond a reasonable doubt: (1) misbehavior in the presence of the court; and (2) that "poses an imminent threat to the administration of justice." *Id.* at ¶ 39, quoting *Howard* at 619; *State v. Schiewe*, 110 Ohio App.3d 170, 173, 673 N.E.2d 941 (6th Dist.1996).

{¶27} Thus, the issue here is whether the record supports a finding that Hammock's conduct constituted an "imminent threat to the administration of justice." *Lodico* at ¶ 39; *Howard* at 619. The facts that constituted the contempt as set forth in the court's judgment finding Hammock guilty state: "[Hammock] had phone on [and] recording video facing the court. The Bailiff took phone [and] handed to court and it was recording. [Hammock] said it was not recording.[2] [Hammock] in violation of local ct. rule." The court's recitation of the facts justifying the summary contempt does not include a single fact supporting a finding that Hammock's conduct obstructed the administration of justice.

{¶28} The record does not reflect that any other cases were on the docket or any members of the general public were present. There is no indication that Hammock's conduct disrupted the court proceedings. Hammock was in the midst of her argument on the motion to dismiss when the court noticed that her phone was in

---

[2] When asked if the phone was in her hand and on, Hammock responded, "Yes. No, the phone is not on."

her hand. A brief exchange ensued between the court and Hammock, constituting one page of the hearing transcript, prior to the finding of contempt. The entire exchange constituted less than two pages of the transcript. When it concluded, Hammock continued her argument. Nothing about this brief exchange unduly delayed the hearing, resulting in the obstruction of the administration of justice.

{¶29} Hammock's responses to the court were not boisterous, rude, disrespectful, disruptive, or otherwise demoralizing to the authority of the court. When asked why she was recording, Hammock responded, "Because I need records." The court accepted her explanation and informed her that she could not make the record, and that the record was being created by the court reporter present in the courtroom.

{¶30} Based on this record, Hammock's conduct did not create "an open threat to the orderly procedure of the court," such that if "not instantly suppressed and punished, demoralization of the court's authority will follow." *See Cooke v. United States*, 267 U.S. 517, 536, 45 S.Ct. 390, 69 L.Ed.2d 767 (1925). This record does not support a finding that Hammock impugned the judge or the judicial process, that she made a scene, or that she disrupted the administration of justice.

{¶31} In finding that Hammock's conduct supported a direct criminal contempt conviction in a summary proceeding, the majority relies on facts that are not contained in the limited record before us. First, the majority claims that the trial court found that Hammock's conduct "created a disturbance," but the court made no such finding, and the record does not support that finding.

{¶32} That alleged finding is from the preprinted form used by the Hamilton County Municipal Court for contempt convictions under R.C. 2705.01. The form has

13

a blank line for the contemnor's name, then states "has been found guilty of the following act of misbehavior in the presence of the court, namely," followed by three blank lines for the factual findings, then the language "creating a disturbance in the courtroom of" with a blank line. I cannot equate the preprinted form language with a factual finding of the court.

{¶33} Additionally, the majority concludes that the trial court made an "implicit determination" that her conduct posed an imminent threat to the administration of justice. But the court made no explicit factual findings to support this alleged implicit determination.

{¶34} Moreover, an appellate court "is bound by the record," and the facts supporting the imposition of contempt must "affirmatively appear in the record." *Warren v. DeMarco*, 11th Dist. Trumbull No. 2003-T-0052, 2004-Ohio-3191, ¶ 17. Nothing in this record demonstrates, by proof beyond a reasonable doubt, that Hammock's conduct created a disruption or otherwise posed an imminent threat to the administration of justice.

{¶35} The majority further contends that the summary punishment was necessary to "gain control of the courtroom and enforce the court's established rules prohibiting recording," and "to convey how serious Hammock's recording of courtroom proceedings was." But nothing in this record remotely suggests that the courtroom was out-of-control, or that the court considered her conduct as a "serious" transgression that demoralized the court's authority. Rather, the court equated Hammock's recording of the proceeding to the court reporter's job of creating the record.

{¶36} Nor am I persuaded by the state's contention that the act of recording disrupted the administration of justice "given the sensitive nature of courtroom proceedings." This particular proceeding, a motion to dismiss a citation for having scrap items in a yard, cannot be characterized as sensitive in nature.

{¶37} As the United States Supreme Court articulated, "[t]he fires which [the contumacious act] kindles must constitute an imminent, not merely a likely, threat to the administration of justice. The danger must not be remote or even probable; it must immediately imperil." *In re Little*, 404 U.S. 553, 555, 92 S.Ct. 659, 30 L.Ed.2d 708 (1972). None of the rationales relied upon by the majority meet this high standard. The need to "maintain control of future courtroom proceedings" and "set a precedent that such behavior will not be tolerated" does not constitute an "immediate peril" to the court's authority. *See id.*

{¶38} This is not a case like *Lowe*, where the defendant's conduct consisted of a profanity-laden outburst that disparaged an officer and the judge and halted the proceedings. *See Lowe*, 1st Dist. Hamilton Nos. C-170494, C-170495, C-170498 and C-170505, 2018-Ohio-3916, at ¶ 29, 35. Nor is this case similar to *Stegall* where the defendant repeatedly interrupted the proceedings, disrespected the judge, and left the courtroom while the court rendered its decision. *See Stegall*, 1st Dist. Hamilton Nos. C-110767, C-120112 and C-120113, 2012-Ohio-3792, at ¶ 41. To the contrary, Hammock's conduct did not require the court to immediately restore order and vindicate its authority.

{¶39} In both of those cases, the contemnors were warned to cease their unruly behavior before being found in contempt. *See Lowe* at ¶ 27; *Stegall* at ¶ 3.

15

Here, there is nothing to show that Hammock demoralized the court's authority by continuing to record after a warning to stop.

{¶40} The power to summarily punish should be reserved to a "narrow category of cases," and this case is outside of those limited parameters. *See In re Oliver*, 333 U.S. 257, 276, 68 S.Ct. 499, 92 L.Ed. 682 (1948). This record does not support a finding beyond a reasonable doubt that Hammock's conduct posed an imminent threat to the administration of justice, or that a summary sanction was warranted. Consequently, I conclude that the trial court abused its discretion in imposing a summary sanction. I would reverse the judgment of the trial, rendering the second assignment of error moot.

Please note:

    The court has recorded its own entry on the date of the release of this opinion.