[Cite as *In re Sullivan*, 2022-Ohio-852.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| | | | |
|---|---|---|---|
| IN RE: JAMES SULLIVAN. | : | APPEAL NO. | C-210217 |
| | | TRIAL NOS. | M-210049 |
| | : | | M-210051 |
| | : | *O P I N I O N.* | |


Appeal From: Hamilton County Court of Common Pleas

Judgments Appealed From Are: Reversed and Cause Remanded in Part; Appeal Dismissed in Part

Date of Judgment Entry on Appeal: March 18, 2022


*James Sullivan*, pro se,

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, *Pamela J. Sears*, Assistant Prosecuting Attorney, and *Christopher Sawyer*, Assistant Prosecuting Attorney, for Appellees.

**CROUSE, Judge.**

{¶1} Appellant James Sullivan raises six assignments of error for the court's review. For the following reasons, we lack jurisdiction to address Sullivan's first, second, third, fourth, and sixth assignments of error. However, his fifth assignment of error, which appellees concede, is sustained.

### *Facts and Procedure*

{¶2} On January 15, 2021, Sullivan was found in direct criminal contempt of court and sentenced to three days in jail for "causing total disruption in the courtroom, screaming and yelling in the courtroom."[1] After he was sentenced, Sullivan was taken from the courtroom to be booked into the jail. During a search of Sullivan's person, a Hamilton County Sheriff's Deputy found a body camera in Sullivan's pocket, which he believed to be recording. The deputy brought Sullivan back into the courtroom and told the court:

> [a]s I searched him, in his front left inner pocket there was a body
> camera. I took it out. It was flashing green. When I got to it, he said,
> that means it's charged. I saw the flashing was off, and we brought it
> right to you.

The court responded, "Just opened it up, looked through it. No password. He was recording. 30 days. See you. We'll write that up. And I'm confiscating the recording device." Sullivan was sentenced to an additional 30 days in jail for "illegally recording video and audio with a body camera in violation of the Courthouse rules."[2]

---

[1] Case numbered M-210049
[2] Case numbered M-210051

{¶3}    Sullivan was released early for health reasons on February 4, 2021, after contracting COVID-19 while incarcerated.  After his release, he moved for the return of his property.[3]  During a February 25, 2021 hearing, the court acknowledged that a body camera and a cell phone were taken from Sullivan. In this appeal, Sullivan claims that his walking cane also was taken and not returned. However, Sullivan did not mention the cane at the February 25, 2021 hearing. On February 25, 2021, the court overruled his motion in a written entry.

{¶4}    On March 31, 2021, Sullivan filed a notice of appeal "from the Court of Common Pleas dismissing Mr. Sullivan['s] claims entered on February 22, 2021."[4] On June 10, 2021, we sua sponte dismissed the appeal for lack of jurisdiction because it was not timely filed.  On June 14, 2021, Sullivan filed what we construed as motions for reconsideration. On July 6, 2021, we granted reconsideration, finding that the time for filing a notice of appeal had been tolled pursuant to App.R. 4(A)(3), because Sullivan had not yet been served with the order denying his motion for the return of his property.  Accordingly, we held his appeal to have been timely filed and vacated our June 10, 2021 dismissal order.

### *First, Second, Third, Fourth, and Sixth Assignments of Error*

{¶5}    Sullivan's first assignment of error appears to claim that the initial seizure of his cell phone violated his First and Fourth Amendment rights.  His second assignment of error appears to challenge the warrantless search and seizure of his cell phone and his arrest.  His third assignment of error claims that his due-process

---

[3] There is no written motion for the return of his property in the record. However, a hearing was held on February 25, 2021, during which Sullivan requested that his property be returned.
[4] There is no February 22, 2021 entry in the record. This court assumes the notice of appeal is referring to the February 25, 2021 entry overruling the motion to return property.

rights were violated during the contempt proceedings. His fourth assignment of error also appears to challenge his contempt convictions by arguing that "Ohio's wiretapping law is a 'one party consent' law." His sixth assignment of error alleges that his rights under the Americans with Disabilities Act were violated during the contempt proceedings and while he was serving his sentence at the Hamilton County Justice Center.

{¶6} While Sullivan's first, second, third, fourth, and sixth assignments of error are not models of clarity, we interpret them to challenge the initial seizure of his property and his January 15, 2021 criminal-contempt convictions. Sullivan did not appeal his contempt convictions. Rather, Sullivan's March 31, 2021 notice of appeal in this case specifically stated that he is appealing "from the Court of Common Pleas dismissing Mr. Sullivan['s] claims entered on February 22, 2021." While there is no entry in the record for February 22, 2021, we assume he is referring to the trial court's February 25, 2021 order overruling his motion for the return of his property. In fact, we reinstated his appeal after our sua sponte dismissal because we found that Sullivan was not served with a copy of that court order.

{¶7} "We have jurisdiction to review assignments of error stemming only from the judgment subject of the notice of appeal." *State v. Thompkins*, 10th Dist. Franklin No. 07AP-74, 2007-Ohio-4315, ¶ 7; *see State v. Marcum*, 4th Dist. Hocking No. 14CA13, 2014-Ohio-5373, ¶ 16, quoting *State v. Walton*, 4th Dist. Washington No. 13CA9, 2014-Ohio-618, ¶ 6. Accordingly, because assignments of error one, two, three, four, and six challenge Sullivan's contempt convictions, and not the denial of his motion to return property, we lack jurisdiction to address them. Therefore, assignments of error one, two, three, four, and six are dismissed.

4

### Fifth Assignment of Error

{¶8}   Sullivan's fifth assignment of error essentially claims that the trial court erred when it denied his motion for the return of his property. Appellees concede that our recent case, *State v. Hammock*, 1st Dist. Hamilton No. C-200368, 2021-Ohio-3574, is dispositive of this assignment of error and agree that Sullivan's property must be returned to him.  However, appellees ask "for this Court to order that the offending recorded courthouse footage be deleted from the devices" before they are returned.

{¶9}   Sullivan was found in criminal contempt for violating Loc.R. 33 of the Hamilton County Court of Common Pleas ("Loc.R. 33").  Loc.R. 33(D)(6) prohibits the operation of cell phones or other recording devices in the courthouse, and provides that individuals who violate the rule may be found in contempt and have their devices confiscated. Loc.R. 33(D)(6) (rev. Jan. 1, 2022).

{¶10} In *Hammock,* we held that the punishment imposed for contempt must be "reasonably commensurate with the gravity of the offense."  *Hammock* at ¶ 19, quoting *State v. Lowe*, 1st Dist. Hamilton Nos. C-170494, C-170495, C-170498 and C-170505, 2018-Ohio-3916, ¶ 37, and *State v. Kilbane*, 61 Ohio St.2d 201, 400 N.E.2d 386 (1980), paragraph one of the syllabus.  We held that destroying the defendant's cell phone was not commensurate with a conviction for direct criminal contempt for recording courthouse proceedings, given the cost of the device and the sensitive information contained therein, and because that punishment was not contemplated in the rule. *Hammock* at ¶ 20.

{¶11} We are presented with similar circumstances here. Indefinitely retaining Sullivan's cell phone and body camera is not reasonably commensurate

with the gravity of the offenses for which he was convicted. Accordingly, the trial court erred in denying Sullivan's motion to return his property. Based on the record before us, we are not persuaded that information on the devices must be deleted before they are returned to Sullivan.

{¶12} Accordingly, Sullivan's fifth assignment of error, which we have construed to challenge the trial court's denial of Sullivan's motion to return property, is sustained.

### *Conclusion*

{¶13} Because we find that Sullivan's first, second, third, fourth, and sixth assignments of error challenge his underlying contempt convictions and not the judgment subject of the notice of appeal, they are dismissed for lack of jurisdiction.

{¶14} We sustain Sullivan's fifth assignment of error and reverse the trial court's judgment as to Sullivan's motion for the return of his property. We remand the cause to the trial court with instructions to return Sullivan's cell phone, body camera, and cane (if a cane was also confiscated).

{¶15} Because we are ordering the return of Sullivan's property, we deny as moot his pending motions, including: "Motion for Summary Judgment to Reverse Conviction All Charges" (filed Jan. 13, 2022), "Motion for Spoliation of ESI" (filed Jan. 13, 2022), "Motion for Summary Judgment to Dismiss All Charges 2935[.]05 Warrantless Search" (filed Jan. 13, 2022), "Motion for Summary Judgment to Dismiss All Charges for Lack of Subject Matter Jurisdiction" (filed Jan. 13, 2022), "Motion for Findings of Fact and Conclusions of Law" (filed Jan. 28, 2022) and "Motion for Spoliation of ESI" (filed Feb. 1, 2022).

Judgments reversed, cause remanded in part, and appeal dismissed in part.

**ZAYAS, P. J.,** and **BOCK, J.,** concur.


Please note:

The court has recorded its entry on the date of the release of this opinion