[Cite as *In re Gipson*, 2022-Ohio-853.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


IN RE: DAVID GIPSON.            :      APPEAL NO.   C-210218
                                                TRIAL NO.     M-210050

                                                  :

                                                  :         *O P I N I O N.*


Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Reversed and Cause Remanded in Part; Appeal
                                        Dismissed in Part

Date of Judgment Entry on Appeal: March 18, 2022


*David Gipson*, pro se,

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, *Pamela J. Sears*, Assistant Prosecuting Attorney, and *Christopher Sawyer*, Assistant Prosecuting Attorney, for Appellees.

**CROUSE, Judge.**

{¶1}     Appellant David Gipson raises four assignments of error for the court's review. For the following reasons, we lack jurisdiction to address Gipson's first, second, and fourth assignments of error. However, his third assignment of error, which appellees concede, is sustained.

### *Facts and Procedure*

{¶2}     On January 15, 2021, Gipson was found in direct criminal contempt of court for "recording in violation of courthouse rules and committing perjury by lying to the Judge while under oath." Gipson was accused of recording with his cell phone in the courthouse lobby. Gipson testified under oath that he was not recording. However, he refused to unlock his cell phone to allow the trial court to verify his statement because he argued that it violated his constitutional rights. The court told Gipson that he would "get the forensic guys to open it up." The court continued the hearing in progress and told Gipson he would be jailed until the next hearing. The court filed a written entry on January 15, 2021 titled, "Entry finding David Gibson [sic] Guilty of Direct Contempt of Court and Imposing Penalty," but the entry did not include a penalty. Rather, the entry stated that the court "continues the case in progress to 1/19/2021."

{¶3}     At a hearing on January 19, 2021, the trial court's bailiff told the court that she confiscated Gipson's cell phone and iPad before the January 15, 2021 hearing. A few hours after Gipson was found in contempt and taken to jail, she discovered that the iPad "was recording already, and had been recording all day."

{¶4}     After viewing a recording taken on the iPad inside the courtroom during the January 15, 2021 hearing, the court stated, "[Y]ou said under oath that

you were not recording on your cell phone, but here you were recording on your iPad. The whole hearing has been recorded." The court then sentenced Gipson to 30 days in jail with credit for time served. However, the court never filed an amended entry that included the 30-day sentence.

{¶5} Gipson was released early for health reasons on February 4, 2021, after contracting COVID-19 while incarcerated. On February 17, 2021, Gipson filed a motion for the return of his property. On February 23, 2021, the court overruled the motion.

{¶6} On March 31, 2021, Gipson filed a notice of appeal "from the Court of Common Pleas dismissing Mr. Gipson['s] claims entered on February 19, 2021."[1] On June 10, 2021, we sua sponte dismissed the appeal for lack of jurisdiction because it was not timely filed. On June 14, 2021, Gipson filed what we construed as motions for reconsideration. On July 6, 2021, we granted reconsideration finding that the time for filing a notice of appeal had been tolled pursuant to App.R. 4(A)(3), because Gipson had not yet been served with the order denying his motion for the return of his property. Accordingly, we held his appeal to be timely filed and vacated our June 10, 2021 dismissal order.

### *First, Second, and Fourth Assignments of Error*

{¶7} Gipson's first assignment of error appears to claim that the initial seizure of his cell phone and iPad violated his First and Fourth Amendment rights. His second assignment of error appears to challenge the warrantless search and

---

[1] There is no February 19, 2021 entry in the record. This court assumes the notice of appeal is referring to the February 23, 2021 entry overruling the February 17, 2021 motion to return property.

seizure of his cell phone and iPad. His fourth assignment of error claims that his due-process rights were violated during the contempt proceedings.

{¶8} While Gipson's first, second, and fourth assignments of error are not models of clarity, we interpret them to challenge the initial seizure of his property and his January 15, 2021 criminal-contempt conviction. Gipson did not appeal his contempt conviction. Rather, Gipson's March 31, 2021 notice of appeal in this case specifically stated that he is appealing "[f]rom the Court of Common Pleas dismissing Mr. Gipson['s] claims entered on February 19, 2021." While there is no entry in the record for February 19, 2021, we assume he is referring to the trial court's February 23, 2021 order overruling his motion for the return of his property. In fact, we reinstated his appeal after our sua sponte dismissal because we found that Gipson was not served with a copy of that court order.

{¶9} "We have jurisdiction to review assignments of error stemming only from the judgment subject of the notice of appeal." *State v. Thompkins*, 10th Dist. Franklin No. 07AP-74, 2007-Ohio-4315, ¶ 7; *see State v. Marcum*, 4th Dist. Hocking No. 14CA13, 2014-Ohio-5373, ¶ 16, quoting *State v. Walton*, 4th Dist. Washington No. 13CA9, 2014-Ohio-618, ¶ 6. Accordingly, because assignments of error one, two, and four challenge Gipson's contempt conviction, and not the denial of his motion to return property, we lack jurisdiction to address them. Therefore, assignments of error one, two, and four are dismissed.

### Third Assignment of Error

{¶10} Gipson's third assignment of error essentially claims that the trial court erred when it denied his motion for the return of his property. Appellees concede that our recent case, *State v. Hammock*, 1st Dist. Hamilton No. C-200368,

4

2021-Ohio-3574, is dispositive of this assignment of error and agree that Gipson's property must be returned to him. However, appellees ask "for this Court to order that the offending recorded courthouse footage be deleted from the devices" before they are returned.

{¶11} Gipson was found in criminal contempt for violating Loc.R. 33 of the Hamilton County Court of Common Pleas ("Loc.R. 33"). Loc.R. 33(D)(6) prohibits the operation of cell phones or other recording devices in the courthouse, and provides that individuals who violate the rule may be found in contempt and have their devices confiscated. Loc.R. 33(D)(6).

{¶12} In *Hammock*, we held that the punishment imposed for contempt must be "reasonably commensurate with the gravity of the offense." *Hammock* at ¶ 19, quoting *State v. Lowe*, 1st Dist. Hamilton Nos. C-170494, C-170495, C-170498 and C-170505, 2018-Ohio-3916, ¶ 37, and *State v. Kilbane*, 61 Ohio St.2d 201, 400 N.E.2d 386 (1980), paragraph one of the syllabus. We held that destroying the defendant's cell phone was not commensurate with a conviction for direct criminal contempt for recording courthouse proceedings, given the cost of the device and the sensitive information contained therein, and because that punishment was not contemplated in the rule. *Hammock* at ¶ 20.

{¶13} We are presented with similar circumstances here. Indefinitely retaining Gipson's cell phone and iPad is not reasonably commensurate with the gravity of the offense for which he was convicted. Accordingly, the trial court erred in denying Gipson's motion to return his property. Based on the record before us, we are not persuaded that information on the devices must be deleted before they are returned to Gipson. Accordingly, Gipson's third assignment of error, which we have

construed to challenge the trial court's denial of Gipson's motion to return property, is sustained.

### *Conclusion*

{¶**14**}  Because we find that Gipson's first, second, and fourth assignments of error challenge his underlying contempt conviction and not the judgment subject of the notice of appeal, they are dismissed for lack of jurisdiction.

{¶**15**}  We sustain Gipson's third assignment of error and reverse the trial court's judgment as to Gipson's motion for the return of his property. We remand the cause to the trial court with instructions to return Gipson's cell phone and iPad.

{¶**16**}  Because we are ordering the return of Gipson's property, we deny as moot Gipson's pending motions, including: "Motion for Spoliation of ESI" (filed Jan. 13, 2022), "Motion for Summary Judgment to Reverse Conviction All Charges" (filed Jan. 13, 2022), "Motion for Summary Judgment to Dismiss All Charges 2935.05 Warrantless Search" (filed Jan. 13, 2022), "Motion for Summary Judgment to Dismiss All Charges for Lack of Subject Matter Jurisdiction" (filed Jan. 13, 2022), "Motion for Findings of Fact and Conclusions of Law" (filed on Jan. 28, 2022) and "Motion for Spoliation of ESI" (filed on Feb. 1, 2022).

Judgment reversed, cause remanded in part, and appeal dismissed in part.

**ZAYAS, P. J.,** and **BOCK, J.,** concur.

Please note:

The court has recorded its entry on the date of the release of this opinion